IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02984-BNB

MARION ORNESTUS HARPER, III,

     Plaintiff,

v.

MONTEZUMA COUNTY SHERIFFS DEPT.,
SHERIFF DENNIS SPRUELL,
CORPORAL STEPHANOPOLIS,
CITY OF CORTEZ,
CORTEZ POLICE DEPT.,
SGT. ANGELO MARTINEZ,
OFFICER KOBEL, and
SGT. TALLEY,

     Defendants.

_____

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

_____

     Plaintiff, Marion Ornestus Harper, III, has filed *pro se* a Complaint (ECF No. 1). The court must construe the Complaint liberally because Mr. Harper is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Harper will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

     The Complaint is deficient because it is not clear who Mr. Harper is suing. Mr. Harper lists various individuals and entities as Defendants in the caption of the Complaint that are not listed as Defendants in the body of the Complaint. In order to clarify who he is suing, Mr. Harper should list each Defendant on a separate line in the

caption of the amended complaint he will be ordered to file.  Furthermore, Mr. Harper must provide a complete address for each named Defendant in the body of the amended complaint so that they may be served properly.

The Complaint also is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Harper indicates he is asserting claims pursuant to 42 U.S.C. § 1983. However, he fails to provide a short and plain statement of any claims showing he is entitled to relief because he fails to identify the specific federal claims he is asserting, the specific factual allegations that support each claim, against which Defendant or

2

Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"); *see also Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). In short, Mr. Harper's vague and conclusory allegations that his rights have been violated are not sufficient to comply with the pleading requirements of Rule 8.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

For these reasons, Mr. Harper must file an amended complaint if he wishes to pursue his claims in this action. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Harper should name as Defendants only those persons he contends actually violated his federal rights while acting under color of state law. Mr. Harper may not include claims in his

amended complaint against a county or other municipality unless he demonstrates he suffered an injury caused by a municipal policy or custom.  *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).  Accordingly, it is

ORDERED that Mr. Harper file, **within thirty (30) days from the date of this order**, an amended complaint that complies with this order.  It is

FURTHER ORDERED that Mr. Harper shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Harper fails within the time allowed to file an amended complaint that complies with this order as directed, the action will be dismissed without further notice.

DATED November 5, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
Gordon P. Gallagher
United States Magistrate Judge