FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 12 2015

JEFFREY P. COLWELL
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-CV-02984-GPG
(To be supplied by the court)

MARION ORNESTUS HARPER III, PRO SE, Plaintiff,

v.

CITY OF CORTEZ 210 E. MAIN ST. CORTEZ, CO 81321,

CORTEZ POLICE DEPT. 601 N. PARK ST. CORTEZ, CO 81321,

SGT. ANGEL MARTINEZ 601 N. PARK ST. CORTEZ, CO 81321,

OFF. FRANK KOBEL 601 N. PARK ST. CORTEZ, CO 81321,

MONT. CO. UNDERSHERIFF ROBIN CRONK 730 DRISCOL CORTEZ,

MONT. CO. SHERIFF OFFICE 730 DRISCOL ST. CORTEZ, CO 81321,

MONT. CO. BOARD OF COMMISSIONERS 109 W. MAIN ST. CORTEZ, CO,

MONT. CO. CPL. STEPHANOKOS AND LT. TALLEY 730 DRISCOL ST. CORTEZ CORTEZ, CO 81321, Defendant(s).

(List each named defendant on a separate line.)

## COMPLAINT
SECOND AMENDED

(Rev. 07/06)

## PARTIES

1. Plaintiff  MARION HARPER  is a citizen of  MONTEZUMA COUNTY, CO
   who presently resides at the following address:
   P.O. BOX 874 CORTEZ, CO 81321 (970) 560-2163 mmommozz@gmail.com

2. Defendant  MONT. CO. Bd. of Commissioners., ET.AL. is a citizen of  MONT. CO., COLORADO
   who live(s) at or is/are located at the following address:
   730 DRISCOL STREET CORTEZ, CO 81321 (970) 565-8452

3. Defendant  CITY OF CORTEZ, POLICE DEPT, ET. AL. is a citizen of  MONT. CO., CO 81321
   who live(s) at or is/are located at the following address:
   210 E. MAIN ST. CORTEZ, CO 81321 (970) 565-1111

(Attach a separate page, if necessary, to list additional parties.)

## JURISDICTION

4. Jurisdiction is asserted pursuant to following statutory authorities:

   This is a civil rights complaint for monetary damages and any other injunctive relief brought by Plaintiff Marion Harper, a United States citizen appearing Pro Se. Marion Harper brings this complaint for violations of his rights under the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution in violation of 42 USC 1983.

5. Briefly state the background of your case:

   Plaintiff has filed at least three federal lawsuits related specifically to the incidents described herein, but also including other incidents, events, and violations that were claimed in Montezuma County District Court between the dates of November 2011 and January 2015. If the Court ORDERS Plaintiff can submit at a later date documents that were filed in cases 11CV176, 11Cv179, 12CV154, 14CV03, 14CV04, and 14CV05 - several of which are still PENDING final adjudication in Montezuma County District Court. Plaintiff has also filed more than three federal cases directly related to the present suit and including many of the same claims: 12-CV-2429-KLM-CMA and 14-CV-1688-BNB. Because I am unable to afford an attorney I have been obliged to pursue my claims Pro Se.

# FIRST CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
(Please number your paragraphs and attach any necessary additional pages.)

1. This is a Civil Rights complaint for monetary damages and any other injunctive relief brought by Plaintiff Marion Ornestus Harper III, a United States citizen appearing Pro Se. Mr. Harper brings this complaint for violations of his individual rights under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. 1983.

2. This Court has jurisdiction pursuant to 42 U.S.C. 1983.

3. Paul Lemon of 269 North Road Durango, Colorado 81303 is the owner of apartment at 122 East 1st Street in Cortez, Colorado 81321 which was leased to the Plaintiff Marion Harper from March 2007 until April 2013 and whose rent was subsidized by a Section 8 Voucher granted by United States Dept. of Housing and Urban Development.

4. In May, June, and July of 2012 owner Paul Lemon attempted a retaliatory eviction of Plaintiff in Montezuma County, Colorado in cases 12c109, 12c112, and 12c659 due to Plaintiff filing federal and state lawsuits against Montezuma County Sheriff's Dept. in cases 1:12-CV-02429-CMA-KLM. All three evictions were dismissed by Montezuma County Judge Hon. Jennilynne Lawrence in July 2012.

5. In June, July, and on another occasion in late 2012 Cortez Police Dept. Sgt. Angelo Martinez, Montezuma County Undersheriff Robin Cronk, and other local law enforcement officers illegally entered the Plaintiff's apartment at 122 East First Street in Cortez, CO 81321 and removed ten boxes of personal belongings including more than $3,000.00 in cash awarded to the Plaintiff in Settlement Agreement in cases 11-CV-176 and 11-CV-179. These willful and wanton actions were committed by the Defendants while acting under the cover of state and federal law and violated the Plaintiff's Constitutional rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution. In addition the Defendants were also in violation of Colorado Revised Statutes 18-4-203, 18-4-502, and 18-4-401.

6. Apartment manager Darren Jones and maintenance man Clare Russell, employed by apartment owner Paul Lemon, were witness to each of these incidents.

7. The Montezuma County Sheriff's Dept. and the Cortez Police Dept. and it's officers and supervisors are responsible for protecting the Civil Rights and property of persons in the City Of Cortez and Montezuma County, Colorado.

8. The Montezuma County Undersheriff Robin Cronk and Cortez Police Dept. Sgt. Angelo Martinez deprived the Plaintiff of his Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution by illegally entering his apartment and then seizing his personal property without a warrant, probable cause, and absent any exigent circumstances violating his right to privacy and security in his home.

9. The Plaintiff's fiance', who was present at the June 2012 incident, and was lawfully present, was forcibly removed from the apartment and denied entry. This action violated Plaintiff's right to associational privacy in his home, and of the persons located therein, under the Fourth Amendment [ through the Fourteenth Amendment ] to the United States Constitution, violating 42 U.S.C. 1983. [ Citing Steagal v. United States, 451 U.S. 204 (1981) ] [ Warrantless entries under Fourth Amend. ] [ Fourth Amend. protections triggered by search or entry incident to evictions ] Tenant has the right to exclude landlord and police from his premises.

10. Montezuma County Undersheriff Robin Cronk and Cortez Police Dept. Sgt. Martinez' removal of Plaintiff's fiance' and lawful guest violated Plaintiff's rights of associational privacy under the Fourteenth Amendment to the United States Constitution [ under 42 U.S.C. 1983 ] See NAACP v. Alabama, 357 U.S. 449, 462 (1958) [ Freedom to associate and privacy in one's associations ]

11. Plaintiff and family were later rendered homeless due to the theft of more than $3,000.00 by Montezuma County Undersheriff Robin Cronk and Cortez Police Dept. Sgt. Angelo Martinez from the Plaintiff's apartment, and have remained homeless from April 2013 thru May 2014. This caused the Plaintiff, his wife, and his children extreme trauma for which the Plaintiff was treated at Southwest Memorial Hospital on more than twenty separate occasions between 2012 and 2014.

12. On October 6th 2014 Cortez Police Dept. Sgt. Angelo Martinez ordered Cortez Police officer Frank Kobel to transport Plaintiff, by force if necessary, in K-9 Unit where Plaintiff was subsequently bitten, scratched, and subjected to psychological torture.

13. While acting under cover of state law, Cortez Police Sgt. Angelo Martinez and Cortez Police Officer Frank Kobel conspired to deprive Plaintiff of his Constitutional protection from cruel and unusual punishment by forcing him to enter K-9 Unit. It is not City Of Cortez or Cortez Police Dept. policy to transport human beings in K-9 Units for routine municipal court appearances due to the danger of attack by the canine. Sgt. Martinez had no lawful or legitimate reason whatsoever to order the transport of the Plaintiff in an occupied K-9 Unit, especially considering the fact that officer Boyd Nagle of the Cortez Police Dept. was available for transports at the same time.

14.   The Cortez Police Dept. officers as well as Montezuma County Sheriff's Office are required by agency policy to use MUVI cams when contacting, arresting and/or transporting detainees, etc. In light of the fact that the Plaintiff has in the past and is currently prosecuting state and federal lawsuits against the Defendants pending, despite the fact that recent events nationwide as well as locally involving police officers accused of wrongdoing are proliferating rapidly, and in flagrant negligence for the health and safety of the Plaintiff, Sgt. Martinez deliberately instructed Officer Kobel to disengage his MUVI Cam and Officer Kobel complied.

15.   Cortez Police Officer Kobel arrived at the Montezuma County Detention Facility on October 6th 2014 in a K-9 Unit to transport Plaintiff to municipal court. When Plaintiff objected to being placed into the K-9 Unit Officer Kobel threatened the Plaintiff with criminal charges and a warrant being issued for his arrest if he refused to enter the K-9 Unit. (See exhibit C) Officer Kobel subjected the Plaintiff to pain and psychological torture that were totally without regard to safety because the space in the K-9 Unit was entirely torture for the Plaintiff. Sgt. Martinez, Officer Kobel, Montezuma County Sheriff Cpl. Stephanokos, and Montezuma County Sheriff Lt. Talley actions were deliberate indifference and negligent of the health and safety of the Plaintiff and amount to gratuitous infliction of pain and torture which is prohibited by the Eighth Amendment to the United States Constitution. [ under 42 U.S.C. 1983 ]

16.   Sgt. Martinez, Officer Kiobel, Cpl. Stephanokos, and Lt. Talley's actions were in retaliation for the Plaintiff engaging in protected activity ( petitioning the government for redress of grievances in cases 1:12-CV-02429-KLM-CMA and 12-CV-154 ) and these law enforcement agents, acting under cover of law, violated Plaintiff's First Amendment right. [ 42 U.S.C. 1983 ]

17.   On October 6th 2014 Montezuma County Cpl. Stephanakos whispered into the ear of the Plaintiff that " I'm going to do you a favor Harper by not securing your ankle or waist cuffs". Cpl. Stephanakos, with duplicity, willful and wanton intent, negligence and in violation of Plaintiff's Eighth Amendment protection from cruel and unusual punishment, threatened to file criminal charges and issue warrant against Plaintiff if he did not enter the K-9 Unit.

18.   Because Cpl. Stephanakos deliberately violated Montezuma County Sheriff Dept. policy by refusing to secure restraints, the Plaintiff was was bitten, scratched, and tortured by K-9 "Dusty". Lt Talley, who had immediate authority over Cpl. Stephanakos and was present, supervised and aided the entire incident. [ Citing Hope v. Pelzer, 536 U.S. 730 (2002) ] [ under 42 U.S.C. 1983 ]

19.   After the attack the Plaintiff suffered from extreme allergic reaction and had to be transported to Southwest Memorial Hospital for emergency care, due to dog bite. [ See Exhibit A ] Plaintiff has continued to suffer anxiety, insomnia, and physical pain associated with the attack.

20.   Both Montezuma County Sheriff's Dept. and Cortez Police Dept. have waived their rights to governmental immunity by violating the Plaintiff's Constitutional rights while acting under cover of law and violating department policy.

21.   Pursuant to Colorado Revised Statute 24-10-109, the Plaintiff delivered two copies of Notices Of Intent To Sue to Montezuma County Sheriff's Dept. and City Of Cortez manager Shane Hale, who responded by presenting to Plaintiff medical releases to obtain information from Southwest Memorial Hospital concerning October 6th 2014 Emergency Room treatment for allergic reaction to K-9 dogbite. [ Colorado Revised Statute 24-10-106(b)(e) ] which Plaintiff declined to authorize. ( See Exhibit B )

22.   Paragraphs 1 through 19 are referenced, incorporated, and re-alleged.

### COUNT I - TRESPASS

23.   The Cortez Police Department and the Montezuma County Sheriff's Department trespassed on Plaintiff's lawfully leased premises in violation of 18-4-203, 18-4-401, and 18-4-502 of the Colorado Revised Statutes; Fourth Amendment of the United States Constitution; and the Fourteenth Amendment to the United States Constitution.

### COUNT II - INVASION OF PRIVACY

24.   The Cortez Police Dept. and the Montezuma County Sheriff's Office invaded the apartment and privacy of the Plaintiff in June, July, and on another occasion in 2012 in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States. Montezuma County Undersheriff Robin Cronk and Cortez Police Sgt. Angelo Martinez conducted an illegal search and seizure of Plaintiff's personal property by acting under cover of law to commit crime. Undersheriff Cronk was later indicted, convicted, and jailed on felony charges. There are currently four separate civil rights violation cases in Montezuma and Cortez, Colorado from separate individuals, alleging Defendants violated civil rights.

### COUNT III - FAILURE TO PREVENT CONSPIRACY
### TO DEPRIVE PLAINTIFF OF HIS FEDERALLY PROTECTED RIGHTS

25.   The City Of Cortez, the Montezuma County Board of Commissioners, the Cortez Police Dept., and the Montezuma County Sheriff's Office failed to prevent a conspiracy between the Montezuma County Sheriff's Office and the Cortez Police Dept. and Officers Angelo Martinez, Officer Frank Kobel, Cpl. Stephanakos, and Lt. Talley and supervisors and other individuals to deprive the Plaintiff of his federally protected rights in June, July, et. al. 2012, and again on October 6th 2014 in violation

in violation of 42 U.S.C. 1983. Specifically the Defendants failed to prevent the execution of a discriminatory and retaliatory trespass and eviction. The Defendants also failed to prevent Sgt. Martinez, Officer Kobel, Lt. Talley, and Cpl. Stephanakos from subjecting the Plaintiff to cruel and unusual punishment on October 6th 2014 in violation of 42 U.S.C. 1983 and the Eighth Amendment to the United States Constitution.

26. The City of Cortez and the Montezuma County Board Of Commissioners negligently trained and negligently supervised Undersheriff Robin Cronk ( who was investigated by the Colorado Bureau of Investigation, indicted by a Grand Jury and later convicted of Public Corruption. It was discovered by the Colorado Bureau of investigation that Undersheriff Cronk had falsified his employment credentials, was not P.O.S.T. accredited, and was had a prior criminal history. ), Sgt. Angelo Martinez, Officer Kobel, Lt. Talley, and Cpl. Stephanakos.

## COUNT IV - VIOLATION OF PLAINTIFF'S
## DUE PROCESS RIGHTS OF EQUAL ACCESS TO JUSTICE

27. The City Of Cortez and the Montezuma County Board of Commissioners, the Cortez Police Dept. and the Montezuma County Sheriff's Office's actions created a type of malicious prosecution which violated the Plaintiff's Due Process rights under the Fourth and Fourteenth Amendments to the United States Constitution [ under 42 U.S.C. 1983 ] in June, July, et.al. 2012 and again on October 6th 2014 to the present. Montezuma County Sheriff's Office and Cortez Police Dept. illegally entered the Plaintiff's apartment and deprived Plaintiff of property and personal privacy under the Search and Seizure clauses of the Fourth Amendment to the United States Constitution and the Due Process clause of the Fourteenth Amendment, and the Cruel and Unusual Punishment clause of the Eighth Amendment to the United States Constitution, when Sgt. Martinez ordered and Officer Kobel, Lt. Talley, and Cpl. Stephanakos complied with physically forcing Plaintiff to enter K-9 Unit. [ citing Miranda v. Arizona, 384 U.S. 436, 447-8 (1996) ] [ illegal police procedures ]

## COUNT V - VIOLATION OF THE SECURITY AND PRIVACY
## OF THE PLAINTIFF'S HOME UNDER THE FOURTH AMENDMENT TO THE UNITED
## STATES CONSTITUTION [ 42 U.S.C. 1983 ] AND THE COLORADO STATE CONSTITUTION

# REQUEST FOR RELIEF

Plaintiff requests the following relief:

28. As a direct and proximate result of the occurrences made the basis of this complaint and lawsuit Plaintiff, Marion Ornestus Harper III, incurred the following damages:

    A. Reasonable medical care and expenses in the past. Mr. Harper incurred these expenses for the necessary care and treatment of the injuries resulting from the acts or omissions complained of herein and such charges were reasonable and were usual and customary charges for such services in the locales where rendered;
    B. Reasonable and necessary medical care and expenses that will in all probability be incurred in the future;
    C. Physical pain and suffering in the past;
    D. Mental anguish in the past;
    E. Physical pain and suffering in the future;
    F. Mental anguish in the future;
    G. Impairment in the past;
    H. Impairment in the future;
    I. Loss of enjoyment of life in the past and future;
    J. Pre and post-judgement interest as allowed by law; and
    K. Costs of Court.

WHEREFORE, the Plaintiff, Mr. Marion Ornestus Harper III respectfully requests that this Court enter judgement against Defendants and in favor of Plaintiff for actual damages in an amount to be determined at the time of trial, including but not limited to actual economic damages and losses, all compensation paid and all medical and hospital benefits and expenses paid, physical impairment and disfigurement paid, and all such future compensation benefits and economic damages that it may be reasonably liable to pay, pre-judgment interest from the date of the incidents, post-judgement interest, costs, expert witness fees, and for such other and further legal or equitable relief as this Court deems proper.

Respectfully Submitted,

Date: January 5th 2014

*Marion Ornestus Harper III*
(Plaintiff's Original Signature)

P.O. Box 874
(Street Address)

Cortez, Colorado 81321
(City, State, ZIP)

(970) 560-2163 / mmommozz@gmail.com
(Telephone Number)

January 7th 2014    Marion Ornestus Harper III

| | | |
|---|---|---|
| | **Cortez Police Department** | Date Reported 10/06/2014 13:15 |
| | Incident Report | Report # 01-14-002056 |

**NARRATIVE 1**

Topic                    ORIGINAL

On 10-6-14 Sgt. Martinez advised me he needed me to transport a prisoner from the Montezuma County Jail located at 730 E. Driscoll Street to the City of Cortez Municipal Court located at 210 E. Main Street. Sgt. Martinez advised me that the prisoner was Marion Harper and he needed to be at court for a hearing at 1330 hours.

At approximately 1315 hours I arrived at the Montezuma County Jail and advised "Control" via intercom that I was there to transport Mr. Harper to court. They told me to enter into sally port, door number one. After entering the sally port the door was closed behind my patrol vehicle and I exited it. Cpl. Stefanakos advised me that it would be a few minutes because Mr. Harper was not ready. I asked him if Harper knew that he was to be in court at 1330 hours. Cpl. Stefanakos told me that Harper knew that but he still wasn't ready. I went back to my vehicle and sat inside of it while I waited for Harper.

A few minutes later Cpl. Stefanakos brought Harper to the booking area. I told him it would be ok to cuff him in the front because he is tall and the prisoner section of my vehicle was smaller than most. The prisoner transport section in my vehicle takes up one third of the back seat area and the K9 section takes up two thirds of the back seat area. There is an aluminum partition separating the two sections. There is a plexi-glass section at the top so the K9 and the driver of the vehicle can see the prisoner while being transported.

Cpl. Stefanakos cuffed Harper in the front as I had suggested and brought him into the sally port. I explained to Harper that my K9 "Dusty" was in the vehicle but, he would be on the other side of the partition and could not get to him. I also advised Harper that Dusty would bark and make a lot of noise until I got in and told him to be quiet. I open the door to the prisoner side with Harper standing next to me. Dusty started barking and hitting the partition. Harper looked in the vehicle and said he wasn't sure about getting in the vehicle. I assured him as soon as I got into the vehicle Dusty would stop barking. Harper got into the vehicle and I closed the door. Dusty was barking and hitting the partition at this time. I got into the vehicle and told Dusty to stop, which he did. As I started to exit the sally port, Harper started hitting the partition and yelling. This caused Dusty to start barking and hitting the partition. I told Harper to stop and he did for a brief moment. I told Dusty to stop which he did.

Harper immediately started hitting the partition again and screaming which made Dusty start barking again. Harper was screaming "I'm scared, let me out of here". I had not completely left the sally port yet so I backed up into the port where Lt. Talley and Cpl. Stefanakos were standing. I told them to take Harper out of my vehicle which they did. Harper was breathing heavy and told me he would not go to court. I told him I was the only officer available at this time and we were going to be late if he did not stop yelling and pounding on the partition. Harper said he would not go to court. He told me to call them and advise them that he would not be there.

Harper was taken back into the booking area and I pulled my vehicle out of the sally port. At this time I called Sgt. Allmon who was at court for this hearing and advised him that Harper was refusing to go. I also called Sgt. Martinez and advised him of the incident. Before I left the area in front of the sally port Lt. Talley contacted me and advised me that Harper was claiming Dusty had bit him. He said Harper had a small cut on his hand. I asked Lt. Talley if medics would be needed and he advised his staff would look at the injury. I told Lt. Talley that it was impossible for Dusty to bite Harper due to the partition. I also advised him that I needed to come back into the booking area and take photos of Harper's injuries. I parked my vehicle and contacted Harper in the booking area where he showed me his left hand. There was a small, 1/4 inch, circular cut near his thumb. It was obvious that this was caused by him hitting the partition and not a dog bite. He also showed me his right wrist. There was

| Reporting Officer<br>FRANK KOBEL (4850) | Department<br>CORTEZ POLICE DEPARTMENT | Report Status:<br>Approved |
|---|---|---|
| Officer Name<br>MARTINEZ, ANGELO | | Date/Time<br>10/06/2014 17:37 |
| Verifying Officer<br>SGT Matt Cashner (1275) | Department<br>CORTEZ POLICE DEPARTMENT | Date / Time<br>10/06/2014 21:52 |

EXHIBIT A.

2 of 3

some skin that looked like it was peeling. It appeared to have been cause by the handcuffs while he was thrashing around inside my vehicle. Harper also showed me his shirt sleeve on the right side. The shirt was torn and ripped near the shoulder. I advised Harper that Dusty could not get to him through the partition and it was impossible for him to cross all the way over to his right shoulder to tear his shirt.

Harper looked at me and said "I'm going to sue you now too". I took photos of Harper's injuries and his shirt and left the jail. Officer Neagle went to the jail and tried to transport Harper to court. See his supplement for more information on his contact with Harper.

At the police department I spoke with the City Attorney, Mike Green and Sgt. Martinez about the incident. After speaking with them about the incident it was determined that Harper should be charged with violating city ordinance 18-31 Mistreatment to Canine. A short time later I was advised by Cpl. Stefanakos that the jail RN, Anna Utley had looked at Harper's injury and she advised that it did not appear to be a dog bite.

I responded back to the jail where I served Mr. Harper with municipal summons #3029 for Mistreatment to Canine. I gave a copy of that summons to jail staff and left the jail. The photos were placed into evidence at the police department. No further action taken.

End of Narrative: 1

| Reporting Officer<br>FRANK KOBEL (4850) | Department<br>CORTEZ POLICE DEPARTMENT | Report Status:<br>Approved |
|---|---|---|
| Officer Name<br>MARTINEZ, ANGELO | | Date/Time<br>10/06/2014 17:37 |
| Verifying Officer<br>SGT Matt Cashner (1275) | Department<br>CORTEZ POLICE DEPARTMENT | Date / Time<br>10/06/2014 21:52 |









# Montezuma County Sheriff's Office
Dennis Spruell - Sheriff

730 East Driscoll
Cortez, Colorado 81321

Telephone 970/565-8452
Fax 970/565-3731
www.montezumasheriff.org

November 17, 2014

RE: Marion O. Harper III VS Cortez Police Dept /Montezuma County Sheriff's Office
Case # 14S42

To Whom It May Concern:

In reference to the above mention case, the return of service appears to be fraudulent. The Montezuma County Sheriff's Office was never served. We have no record of receiving any paper work on this case. As far as time of service, our Office hours are Monday through Friday 7am-5pm. Service of process claims to be after hours: 6pm, the public does not have access to the building at that time.

Our deputies: Sergeant Gallegos was working at the time but was never served. He does not have a secretary or anybody who is authorized to receive any papers for him at that time of night. Sergeant Enders works the Morning shift and is off at 1pm. Furthermore: date served was October 27, 2014 the case was filed on Nov. 3, 2014.

Fraud has been committed here and has been perpetrated upon the courts. The plaintiff was incarcerated at the time, question as to who was the private server? Affidavit of Service was never signed.

Sincerely,

Rebecca R. Quinonez
Administrative Assistant/ Civil Division
Montezuma County Sheriff's Office

EXHIBIT C

| Small Claims Court Montezuma County, Colorado | |
|---|---|
| Court Address: 601 N Mildred Road, Cortez, CO 81321 | |
| **PLAINTIFF(S):** Marion Ornestus Harper III | |
| Address: PO Box 874 | |
| City/State/Zip: Cortez, CO 81321 | |
| Phone: Home 970/560-2163 Work _____ Cell _____ | |
| v. | |
| **DEFENDANT(1):** Cortez Police Dept. Officer Kobel | ▲ COURT USE ONLY ▲ |
| Address: 600 N Park | Case Number: |
| City/State/Zip: Cortez, CO 81321 | |
| Phone: Home _____ Work _____ Cell _____ | **14 S 42** |
| **DEFENDANT(2):** Montezuma County Sheriff's Dept (Office) | |
| Address: 730 E Driscoll St | |
| City/State/Zip: Cortez, CO 81321 | |
| Phone: Home _____ Work _____ Cell _____ | Division     Courtroom |

### Response of Defendant Montezuma County Sheriff's Office
### (Incorrectly listed as Department)

1. Defendant does not waive any rights or jurisdictional arguments by filing this response

2. Respectfully, this Court does not have Subject Matter Jurisdiction over Constitutional Claims per C.R.S. 13-6-105, in pertinent part stating, "County court shall have no civil jurisdiction over claims except that specifically conferred upon it by law."

3. The Plaintiff alleges a United States Constitutional claim involving the 6th amendment prohibiting "Cruel and unusual punishment". As the power to hear this type claim has not been conferred upon Small Claims Courts in Colorado, this court does not have subject matter jurisdiction.

4. The Plaintiff in this case, also alleges that service was perfected on Sgt. Tom Enders, and Sgt. Stephanokos. This is "mistaken" at best, and an attempted fraud upon the court at worst. According to the date/file stamp on case # 14 S 42, the case was filed on November 3, 2014. It would not be possible to serve either Sgt. On October 27th, 2014 for the following reasons:

   a. The Sheriff's Office closes at 5:00 PM and is not open during the week for service after hours. October 27th was a Monday;
   b. The Plaintiff was incarcerated during this time;
   c. The Sheriff's Office was not paid to perfect service in this case. (Please see attached affidavit of the civil service clerk.)

5. Due to the aforementioned reasons, service could not have been perfected, nor was either Sgt. Named as a defendant or witness in this case and neither is authorized to accept service for the Sheriff's Office.

6. The letter dated 10/29/2014 from Amy Harris of the County Court, is explicit in that service must be by a person who is not a party to the action, and is over 18 years of age. His service affidavit is not signed to show service was perfected.

7. The Plaintiff has not stated why $7500 is owed; he has not listed any damages he suffered, has shown no hospital bill that he is responsible for, and has not show where he is out any monetary amount.

8. Plaintiff has asked this court for punitive damages, without alleging that any action on the part of the Sheriff's Office was willful or intentional, resulting in damage to the Plaintiff.

9. Plaintiff asks for actual damages but has not shown any actual damages in any amount.

In conclusion, as the Plaintiff has failed to state a claim upon which relief can be granted, as the court does not have subject matter jurisdiction over the claim, and does not have personal jurisdiction over any person at the Montezuma County Sheriff's Office, due to a lack of proper service, the Montezuma County Sheriff's Office respectfully requests that the Plaintiff's case be dismissed with prejudice, and that the Montezuma County Sheriff's Office be awarded an amount of $1500.00 for court costs, legal fees and preparation fees due to the Plaintiff's negligence in filing this case.

Respectfully submitted this 17th day of November, 2014.

_____
Lynda Carter
Undersheriff
Montezuma County Sheriff's Office

## CERTIFICATE OF SERVICE

I, Lynda Carter state that I have served upon the Montezuma County Court by hand delivery, a true and correct original copy of the aabove answer and affidavit , on November 17th, 2014, and to the Plaintiff, Marion O. Harper III, by first class registered mail, to PO Box 874, Cortez, CO 81321, on November 17th, 2014.

_____
Lynda Carter