IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02984-KLM

MARION ORNESTUS HARPER, III,

     Plaintiff,

v.

CITY OF CORTEZ,
MONT. CO. SHERIFF OFFICE,
CORTEZ POLICE DEPT.,
MONT. CO. BOARD OF COMMISSIONERS,
MONT. CO. CPL. STEPHANOKOS,
SGT. ANGEL MARTINEZ,
OFF. FRANK KOBEL,
MONT. CO. UNDERSHERIFF ROBIN CRONK, and
MONT. CO. LT. TALLEY,

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on Plaintiff's **Response to Order to [Show] Cause**

[#36][1] (the "OSC Response") and Plaintiff's **Response to City Defendants/County**

**Defendants** [#37] (the "MTD Response").  Plaintiff proceeds in this matter pro se.[2]

---

[1] "[#36]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this Minute Order.

[2] The Court must liberally construe pro se filings; however, pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

1

## I.  OSC Response

On May 7, 2015, the Court entered an Order to Show Cause regarding Plaintiff's failure to serve Defendant Cronk or to provide sufficient information so that the United States Marshal's Service can effect service on Defendant Cronk.  *Order to Show Cause* [#30] at 1-2.  The Court ordered Plaintiff to respond to the Order to Show Cause no later than May 29, 2015.  *Id.* at 2.

On May 29, 2015, Plaintiff filed a document that purported to respond to the Order to Show Cause, but that did not provide proof of service on Defendant Cronk, show good cause for Plaintiff's failure to properly serve Defendant Cronk, or provide a current address to allow the United States Marshal's Service to effect service on this Defendant.  Instead, Plaintiff simply stated that he

> respectfully request[s] this Court grant permission to the Plaintiff and extension of "Due Date" for SHOW CAUSE ORDER and ANSWER TO DEFENDANTS' MOTION TO DISMISS for the following reasons: 1. Mr. Robin Cronk.  Defendant cannot be located by his attorney Katie Whitney, nor Reid Wright, William Furse, etc. at District Atty. office on Montezuma County; . . .

> I do intend to pursue 14-cv-02984-KLM, but I have been homeless, destitute, and unable to pay postage and other associated costs.

*Responses to: Motion to Dismiss Show Cause Order* [#31] at 1.

As a result, the Court reminded Plaintiff that he must comply with all applicable rules.  Specifically, the Court explained that "if Plaintiff wants to ask the Court to do something, including extending a deadline, he must file a *motion*."  *Minute Order* [#35] at 2 (emphasis in original).  The Court further explained that a request for an extension must be made by filing a motion that specifies the amount of additional time requested and the reason for the request and sua sponte extended Plaintiff's deadline to respond to the Order to Show

2

Cause. *Id.* at 3. The Court also sua sponte extended Plaintiff's deadline to respond to the two pending motions to dismiss. *Id.* The Court noted:

> this case was filed on November 3, 2014, and the motions to dismiss were filed on January 28, 2015 and February 20, 2015. As a result, Plaintiff has had more than seven month to serve Defendant Cronk and he has had more than three and four months, respectively, to respond to the motions. If Plaintiff wishes to pursue this litigation, as he states in his Response, he must respond to the motions and serve Defendant Cronk. The Court cannot allow this case to linger on its docket without any forward progress.

*Id.* at 2-3. After sua sponte extending Plaintiff's deadlines, the Court made clear that

> **Failure to obey the instructions in this Minute Order may result in sanctions, including dismissal of this action. Plaintiff is also warned that the Court will not further extend these deadlines absent extraordinary circumstances.**

*Id.* at 3 (emphasis in original).

In the OSC Response, Plaintiff asks the Court to not dismiss his claims against Defendant Cronk. *OSC Repsonse* [#36] at 1. Plaintiff states that "Defendant Cronk is a central figure in both the present case 1:14-cv-02984-[KLM] and case number[ ] 1:12-cv-02429-CMA-KLM and Montezuma County District Court case 12-cv-154 - from which all subsequent complaints arose." *Id.* Plaintiff explains that he "was advised by Reid Write at Montezuma County District Attorney's Office that" he would not provide him with Defendant Cronk's contact information "unless [Plaintiff has] a court order from a judge." *Id.* at 2. Plaintiff states that he also "requested Undersheriff Cronk's address from his former criminal attorney Katie Whitney" but was told that she could not provide the information to him for ethical reasons. *Id.* The last paragraph of the OSC Response is difficult to read, but it appears to state that Plaintiff cannot locate Defendant Cronk at this time and asks that his claims against Defendant Cronk not be dismissed. *Id.*

3

Pursuant to Fed. R. Civ. P. 4(m)

If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added).  While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Second Amended Complaint [#9] for Plaintiff because he is proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so.  *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision).   Plaintiff notes that he has been unable to find Defendant Cronk's current address.  However, as the person bringing this lawsuit against Defendants, it is his responsibility to provide that information to the Court.  *Karp v. Garrett*, No. 10-cv-02277-CMA-KMT, 2011 WL 5172897, at *6 (D. Colo. Aug. 1, 2011) ("it is not up to the Clerk of the Court or the United States Marshals Service to search for [defendant's] current address."); *Tillotson v. McCoy*, 2010 WL 4810721, at *1 (D. Colo. Nov. 19, 2010) ("plaintiff is simply mistaken in his belief that it is anyone's responsibility other than his own to locate and provide a proper address for the defendant such that service can be accomplished.").  Neither the Court nor the United States Marshal's Service must seek out a service address for Defendant Cronk.  *See Hatten v. Freeborn*, No. 09-cv-02729-CMA-MJW, 2011 WL 684574, at *2 (D. Colo. Feb. 16, 2011) ("based on the information before the Court, it is clear that [defendant] cannot be served at the address[ ] provided by Plaintiff.  The Court need not require the U.S. Marshal or the Clerk of the Court to search for [defendant] further.").  As a result, unless Plaintiff has shown good cause for the Court to extend his deadline to serve Defendant Cronk, it *must* dismiss his claims against

4

Defendant Cronk without prejudice.  Fed. R. Civ. P. 4(m); *see In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) ("Pro se litigants must follow the requirements of Rule 4(j)".); *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir.1993) ("A pro se litigant is still obligated to follow the requirements of Fed. R. Civ. P. 4.").

The OSC Response does not show good cause for the Court to extend the service deadline.  The OSC Response simply makes clear that the two individuals Plaintiff contacted regarding Defendant Cronk were not able to provide his current address to Plaintiff.  This case was filed on November 3, 2014 and the Second Amended Complaint was filed on January 12, 2015.  Yet, the OSC Response does not describe Plaintiff going to any more effort than contacting two individuals regarding Defendant Cronk's address in the more than six months since the Second Amended Complaint was filed.  That does not provide the Court with any basis for finding good cause pursuant to Fed. R. Civ. P. 4(m).  *See In re Kirkland*, 86 F.3d at 174 (noting that the Tenth Circuit "has interpreted the phrase ["good cause"] narrowly, rejecting inadvertence or neglect as "good cause" for untimely service." (collecting cases)).  As the Tenth Circuit made clear in *Kirkland*, a pro se litigant's "ignorance of the rules usually [will] not suffice" to establish good cause.  *Id.* at 176.  Further, a "plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule."  *Id.* (citation omitted).  Contacting two individuals to inquire about Defendant Cronk's address does not meet this standard.

Pursuant to *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir.1995), the Court "must still consider whether a permissive extension of time may be warranted."  *Id.* Pursuant to *Espinoza*, the Court considers: (1) whether the statute of limitations would bar Plaintiff's claims against Defendant Cronk if they were re-filed; (2) whether Plaintiff has

unsuccessfully attempted to serve Defendant Cronk; and (3) "[t]he district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 (quotation omitted).   First, Defendants argue in their pending motions to dismiss [##10, 17] that Plaintiff's claims are barred by the statute of limitations.  Therefore, in this case, this factor does not dictate that the Court use its discretion to extend the 120-day service window.  If Defendants are correct and Plaintiff's claims are barred by the statute of limitations, then if Plaintiff re-filed his claims against Defendant Cronk, they would also be barred.   Second, Plaintiff is proceeding in forma pauperis so the second factor in inapplicable.  *See Hornbeck v. Doe*, No. CIV-14-276-W, 2012 WL 3440223, at *4 (W.D. Okla. May 27, 2015).  With regard to the Court's final consideration, "[t]here does not appear to be any policy consideration that would justify granting Plaintiff an additional permissive extension of time for service in this case." *Id.*  As a result, the Court does not find a basis for extending Fed. R. Civ. P. 4(m)'s 120-day limit for service.  *See, e.g., Hatten v. Freeborn*, No. 09-cv-02729-CMA-MJW, 2011 WL 1630929, at *2 (D. Colo. April 29, 2011).  Because the Court concludes that Plaintiff has not shown good cause for an extension and because the Court finds that there is no discretionary basis for an extension, the Court will dismiss Plaintiff's claims against Defendant Cronk without prejudice pursuant to Fed. R. Civ. P. 4(m).

However, a review of the docket reveals that the County Defendants' Motion to Dismiss [#17] (the "County Motion") states that it is filed on behalf of several Defendants, including Defendant Cronk.  *County Motion* [#17] at 1.  The County Motion states that Plaintiff "appears not to have actually served the Complaint, or to actually request a waiver of service from any party." *Id.* at 2.  Therefore, even though the County Motion did not seek

6

dismissal based on lack of personal jurisdiction, it also did not constitute a waiver of that argument pursuant to Fed. R. Civ. P. 12(h)(1).  *See Shell v. Am. Family Rights Ass'n*, No. 09-cv-00309-MSK-KMT, 2010 WL 1348548, at *6 (D. Colo. March 31, 2010) (finding that defendant's statement in her first motion to dismiss that she did not consent to personal jurisdiction preserved her ability to file a second motion to dismiss on that ground because the plaintiff "had notice of [her] intent to contest personal jurisdiction at the time [she] filed her first responsive pleading.").  However, the threshold issue of service of a Summons and the operative Complaint is a necessary procedural step that was not completed with regard to Defendant Cronk and the Court, therefore, need not address the waiver question.  *Pulse v. Larry H. Miller Grp.*, No. 03-cv-02073-WDM-PAC, 2005 WL 2453091, at *1-2 (D. Colo. Sept. 30, 2005).  In addition, on March 11, 2015, a Consent Form was filed bearing the signatures of Attorneys Joshua Mack and Jennifer Kemp.  *Consent Form* [#25] at 1-2. Following Mr. Mack's signature is a list of the Defendants he purports to represent.  This list includes Defendant Cronk.  *Id.* at 1.  However, the Consent Form does not constitute a waiver of the service requirement or submission to personal jurisdiction.  The Consent Form simply states that the parties "consent to have a United States magistrate judge conduct all proceedings . . . ."  *Id.* at 1; *cf. Jennings v. McCormick*, 154 F.3d 542, 545 (5th Cir. 1998) (noting that signing a consent form regarding the jurisdiction of a magistrate judge in a criminal proceeding "did not constitute a waiver of" the defendant's right to a jury trial).  To hold otherwise would put parties assigned to a United States magistrate judge pursuant to the Court's Pilot Program to Implement the Direct Assignment of Civil Cases to Full Time Magistrate Judges, like the instant case, in the unfair position of being required to file a consent form that would result in waiver of service or waiver of personal jurisdiction

even when they are contesting service or personal jurisdiction. That is not the intended purpose of the consent form. However, the two filings in which Mr. Mack purports to represent an unserved Defendant are troubling. How can an attorney have authority to represent a party who has not received notice of this lawsuit? Accordingly, before dismissing Plaintiff's claims against Defendant Cronk pursuant to Fed. R. Civ. P. 4(m), the Court will order Mr. Mack to file a Status Report clarifying (1) whether Defendant Cronk has been served with the Summons and Second Amended Complaint and (2) whether Mr. Mack is authorized to represent Defendant Cronk in this lawsuit.

## II.  MTD Response

Turning to the MTD Response, Plaintiff asks the Court to "set a hearing at the earliest convenience" because he would like to "provide sworn testimony . . . ." *MTD Response* [#37] at 1. Plaintiff next discusses his case and the background to the case. He mentions the other cases he has filed in state and federal court, notes that he has been confused about the legal process, states that he does not think the state court judges who ruled on his state court cases had jurisdiction over his claims, and states that he thought that the Defendants in those cases would remove them to federal court. *Id.* at 2-3. In response to the pending motions to dismiss [##10, 17], Plaintiff agrees with Defendants that he has "filed numerous lawsuits and complaints." *Id.* at 4. He explains why he has filed so many lawsuits. *Id.* He also attacks Defendants' arguments regarding res judicata and the statute of limitations. *Id.* at 5-6. In conclusion, Plaintiff asks the Court to "grant [him] an extension of 90 days in which to amend [his] original complaint, to more accurately include total events which have transpired since 2011 until the present." *Id.* at 6-7. He states that he "intends to travel to the Denver Metropolitan Area in July 2015 in order to

8

study research materials at both [the] Colorado Supreme Court and [the] United States District Court." *Id.* at 6-7.

As the Court informed Plaintiff in its most recent Minute Order, any request for relief must be made by filing a *motion.* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Minute Order* [#35] at 2. As the Court has also previously warned Plaintiff, he "must comply with all applicable rules, including the Local Rules of this Court and the Federal Rules of Civil Procedure." *Minute Order* [#35] at 2. Even though Plaintiff is proceeding pro se, the Court cannot bend the rules for Plaintiff or act as an advocate for him. *See Green*, 969 F.2d at 917 ("Although we construe Green's pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants." (citation omitted)); *Bastian v. U.S. Bureau of Prisons*, 216 F.3d 1086, *1 (10th Cir. 2000) (table decision) (discussing pro se plaintiff's obligation to comply with local rules and affirming the district court's striking of late response and grant of summary judgment); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." (citing *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see also Georgacarakos v. Watts*, 368 F.App'x 917, 918-19 (10th Cir. 2010) (affirming Court's dismissal without prejudice of pro se plaintiff's claims for failure to use proper form in accordance with the Court's Local Rules and the Court's order directing him to cure the deficiency); *Green*, 969 F.2d at 917 ("[W]e have repeatedly upheld dismissals in situations where the parties themselves neglected their cases or refused to obey court orders." (collecting cases)); *Brown v. Williams*, 36 F.App'x 361, 362-63 (10th Cir. 2002) ("[W]e need not manufacture issues for pro se

parties."); *Bakalov v. State of Utah*, 4 F.App'x 654, 655 (10th Cir. 2001) ("[T]his court will not construct legal arguments or theories for a pro se litigant." (citing *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)).  As a result, to the extent the MTD Response purports to request a hearing, "90 days in which to amend [Plaintiff's] original complaint,"  or "a 90-day extension in which to respond individually to each Defendants [sic]," *MTD Response* [#37] at 1, 6-7, such requests are not properly before the Court and the Court, therefore, will not issue any order regarding those requests.  Further, on June 9, 2015, the Court made clear to Plaintiff that it would "not further extend  [his] deadlines absent extraordinary circumstances." *Minute Order* [#35] at 3 (emphasis  omitted).  In addition, as described above, the MTD Response offers some arguments in opposition to the two motions to dismiss.  As a result, the Court will treat the MTD Response as Plaintiff's Response to the two pending motions to dismiss [##10, 17].

## III.  Conclusion

For the reasons stated herein,

IT IS HEREBY **ORDERED** that, **on or before July 17, 2015**, Attorney Joshua Mack shall file a Status Report clarifying (1) whether Defendant Cronk has been served with the Summons and Second Amended Complaint and (2) whether Mr. Mack is authorized to represent Defendant Cronk in this lawsuit.  After reviewing the Status Report, the Court will determine if Defendant Cronk should be dismissed from this lawsuit pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that if Defendants wish to file Replies to Plaintiff's MTD

Response [#37], they shall file those Replies within **14 days** from the date of this Order.

Dated:  July 8, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge