IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02984-KLM

MARION ORNESTUS HARPER, III,

    Plaintiff,

v.

CITY OF CORTEZ,
MONT. CO. SHERIFF OFFICE,
CORTEZ POLICE DEPT.,
MONT. CO. BOARD OF COMMISSIONERS,
MONT. CO. CPL. STEPHANOKOS,
SGT. ANGEL MARTINEZ,
OFF. FRANK KOBEL,
MONT. CO. UNDERSHERIFF ROBIN CRONK, and
MONT. CO. LT. TALLEY,

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on its July 8, 2015 **Order** [#38][1] (the "Order") and the **Status Report** [#39] (the "Status Report") filed by Josh W. Mack, counsel for certain Defendants.

In the Order, the Court concluded that Plaintiff's claims against Defendant Cronk should be dismissed pursuant to Fed. R. Civ. P. 4(m). *Order* [#38] at 6. However, in an abundance of caution, the Court ordered Attorney Mack to file the Status Report to clear

---

[1] "[#38]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

up any confusion regarding whether Defendant Cronk received notice of this lawsuit and to explain in what capacity Attorney Mack was representing Defendant Cronk.  *Id.* at 8. Specifically, the Court asked "How can an attorney have authority to represent a party who has not received notice of this lawsuit?"  *Id.*

The Status Report states that "[u]pon information and belief, Defendant Cronk has not been personally served."  *Status Report* [#39] at 2.  Attorney Mack explains that because he represents Defendant Montezuma County Sheriff's Office, he "is obligated to defend the claims against former Undersheriff Cronk" because he is sued in his capacity as a public employee.  *Id.* at 3.  Attorney Mack further explains that pursuant to the Colorado Governmental Immunity Act, Colo. Rev. Stat. § 24-10-101, *et seq.*, and the Colorado Peace Officer Act, Colo. Rev. Stat. § 29-5-101, *et seq.*, "the Montezuma County Sheriff's Office has a duty to indemnify and defend its officers for claims made against them which arise from allegations of acts and omissions in the scope of their employment."  *Id.* at 3-4.  Counsel further notes that the Montezuma County Sheriff's Office will provide a defense on behalf of Defendant Cronk unless and until he retains alternate counsel in this matter.  *Id.* at 4-5.  Now that Attorney Mack's filing of a motion to dismiss [#17] that includes Defendant Cronk and a Consent Form [# 25] noting that Attorney Mack represents Defendant Cronk has been satisfactorily explained, the Court turns back to its Order.

The Status Report states that, "[u]pon information and belief, Defendant Cronk has not been personally served."  *Status Report* [#39] at 2.  This confirms the Court's conclusion in the Order that the requirements of Fed. R. Civ. P. 4(m) have not been met as to Defendant Cronk.  Therefore, Plaintiff's claims against Defendant Cronk must be dismissed.  As the Court explained in the Order,

> Because the Court concludes that Plaintiff has not shown good cause for an extension and because the Court finds that there is no discretionary basis for an extension, the Court will dismiss Plaintiff's claims against Defendant Cronk without prejudice pursuant to Fed. R. Civ. P. 4(m).

*Order* [#38] at 6.

Accordingly, for the reasons stated herein and in the Court's July 8, 2015 Order [#38],

IT IS HEREBY **ORDERED** that Plaintiff's claims asserted against Defendant Cronk are **DISMISSED without prejudice**[2] pursuant to Fed. R. Civ. P. 4(m).

Dated:  July 21, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

---

[2] *See Murphy v. City of Tulsa*, 556 F.App'x 664, (10th Cir. 2014) (affirming dismissal of pro se plaintiffs' claims without prejudice for failure to timely serve defendants).