IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02984-KLM

MARION ORNESTUS HARPER, III,

       Plaintiff,

v.

CITY OF CORTEZ,
MONT. CO. SHERIFF OFFICE,[1]
CORTEZ POLICE DEPT.,
MONT. CO. BOARD OF COMMISSIONERS,
MONT. CO. CPL. STEPHANOKOS,
SGT. ANGEL MARTINEZ,
OFF. FRANK KOBEL,
MONT. CO. UNDERSHERIFF ROBIN CRONK, and
MONT. CO. LT. TALLEY,

       Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[2] on **City of Cortez Defendants'[3] Motion to Dismiss**

---

[1]  The Court will refer to this Defendant as the Montezuma County Sheriff's Office.

[2]  The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2.  *See generally Consent Form* [##18, 25].

[3]  The "Cortez Defendants" are the City of Cortez, the City of Cortez Police Department, Sergeant Angelo Martinez, and Officer Frank Kobel.  As noted in the Cortez MTD, the Cortez Police Department "is not a separate and distinct entity amenable to being sued."  *Cortez MTD* [#10] 1 n.1. This argument is discussed below.

1

[#10][4] (the "Cortez MTD") and the **County Defendants'[5] Motion to Dismiss** [#17] (the

"County MTD" and collectively with the Cortez MTD, the "Motions"). Plaintiff, who proceeds

in this matter pro se[6], filed a joint Response [#37] to both Motions. The Cortez Defendants

filed a reply [#41] in further support of their motion (the "Cortez Reply") and the County

Defendants filed a reply [#42] in further support of their motion (the "County Reply"). The

Court has reviewed the Motions, the Response, the Replies, the entire docket, and the

applicable law, and is sufficiently advised in the premises. For the reasons set forth below,

the Cortez Motion [#10] and the County Motion [#17] are **GRANTED in part** and **DENIED**

**in part**.

## I.  Background

### A.    This Action

Plaintiff asserts various claims against Defendants pursuant to 42 U.S.C. § 1983 for

alleged violations of the Fourth, Eighth, and Fourteenth Amendments. *See Second Am.*

*Compl.* [#9] at 3-5. Plaintiff also brings a trespass claim against the Cortez Police

Department. *Id.* at 4. Plaintiff brings an invasion of privacy claim against the Cortez Police

---

[4] [#36] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[5] The "County Defendants" are the Montezuma County Sheriff's Office, the Montezuma County Board of Commissioners, Corporal Stefanakos (incorrectly spelled in the caption), and Lieutenant William Garet Talley.

[6] The Court must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Department, the Montezuma County Sheriff's Office, and potentially against Defendant Martinez who Plaintiff alleges "conducted an illegal search and seizure of Plaintiff's personal property . . . ."  *Id.*  Plaintiff also purports to bring a claim for "failure to prevent conspiracy" against certain Defendants.  *Id.*

Some of Plaintiff's claims are based on incidents in June and July 2012[7] in which former defendant Cronk and Defendant Martinez allegedly "illegally entered Plaintiff's apartment . . . and removed two boxes of personal belongings including more than $3,000.00 in cash awarded to the Plaintiff" in settlement of other lawsuits.  *Id.* at 3.  Plaintiff alleges that these Defendants did not have a warrant or probable cause, and there were no exigent circumstances.  *Id.*  Plaintiff further alleges that former defendant Cronk and Defendant Martinez removed Plaintiff's fiancé from the premises in violation of his "rights of associational privacy under the Fourteenth Amendment . . . ."  *Id.*  Plaintiff maintains that as a result of the theft of the $3,000 from his apartment he became homeless which, in turn, "caused the Plaintiff, his wife, and his children extreme trauma for which the Plaintiff was treated . . . on more than twenty separate occasions between 2012 and 2014."  *Id.*

Plaintiff further alleges that on October 6, 2014,[8] Defendant Martinez and Defendant Kobel "conspired to deprive [him] of his Constitutional protection from cruel and unusual punishment by forcing him to enter K-9 Unit."  *Id.*  Plaintiff states that "[i]t is not City [o]f Cortez Police Dept. policy to transport human beings in K-9 Units for routine municipal court appearances due to the danger of attack by the canine."  *Id.*  Plaintiff alleges that he

---

[7]  The Court refers to these alleged illegal entries as the "2012 Incidents."

[8]  The Court refers to the October 2014 incident involving the dog as the "2014 Incident."

objected to being transported in the K-9 unit and that Defendant Kobel threatened him with criminal charges and arrest if he refused to enter the K-9 unit. *Id.* at 4. Plaintiff maintains that being in the K-9 unit "was entirely torture" for him and that Defendants Martinez, Kobel, Stefanakos, and Talley were deliberately indifferent and negligent and gratuitously inflicted "pain and torture" in violation of the Eighth Amendment. *Id.* Plaintiff alleges that Defendant Stefanakos whispered in Plaintiff's ear: "I'm going to do you a favor[,] Harper[,] by not securing your ankle or waist cuffs." *Id.* Plaintiff alleges that as a result of Defendant Stefanakos' failure to secure the restraints, Plaintiff was "bitten, scratched, and tortured" by canine "Dusty." *Id.* Plaintiff avers that Defendant Talley, Defendant Stefanakos' supervisor, was present and observed the incident. Plaintiff alleges that he was transported to a hospital for care after he was bitten by the dog and that he "has continued to suffer anxiety, insomnia, and physical pain associated with the attack." *Id.*

In the Cortez MTD, the Cortez Defendants argue that Plaintiffs' claims against them should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Specifically, the Cortez Defendants argue that Plaintiff's claims are barred by the doctrine of res judicata because he previously litigated his claims in case 2014CV3 filed in the District Court of Montezuma County (the "State Court Case") and filed case 14S42 in small claims court relating to the 2014 Incident (the "Small Claims Case"). *Cortez MTD* [#10] at 4-7. The Cortez Defendants further argue that Plaintiff's claims relating to the 2012 Incident are time-barred. *Id.* at 7-8. The Cortez Defendants maintain that Plaintiff fails to state any claims against them pursuant to Fed. R. Civ. P. 12(b)(6). *Id.* at 9-11. These Defendants aver that the Court does not have jurisdiction over any state law claims and they seek attorneys' fees because Plaintiff's claims are "frivolous, meritless, and vexatious." *Id.* at 12-

4

14.    The Cortez Defendants attach the following documents to their Motion: (1) the Amended Complaint filed in the State Court Case [#10-1]; (2) the "Order: Defendants' Motion to Dismiss Amended Complaint" filed in the State Court Case [#10-2]; (3) the "Notice, Claim and Summons to Appear for Trial (Part 3)" filed in the Small Claims Case [#10-3]; and (4) the docket of the Small Claims Case showing that the case was dismissed with prejudice on January 9, 2015 [#10-4].[9]

In the County Motion, the County Defendants make the same arguments advanced by the Cortez Defendants and also ask the Court to enjoin Plaintiff from bringing further "vexation litigation" against them.  *County MTD* [#17] at 4-13.

Plaintiff's Response is difficult to understand at times and certain portions appear to have been torn or to have holes which makes it hard to read.  Taking that into account, the Court understands Plaintiff to argue[10] that he "inadvertently re-file[d]" his previously dismissed federal lawsuit in the District Court of Montezuma County and "assumed that" defense counsel "would have the case removed to a federal court due to the lack of subject matter jurisdiction . . . ." because a previous lawsuit was removed to federal court. *Response* [#37] at 3 (emphasis omitted).  Plaintiff maintains that the state court judges who adjudicated his lawsuits did not have subject matter jurisdiction over his claims.  *Id.*  Plaintiff further states:

---

[9]  The Court may take judicial notice of public records in a prior state court proceeding without converting a motion to dismiss into one for summary judgment. *City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1251 n.4 (10th Cir. 2001).  In addition, the Court may consider facts subject to judicial notice in ruling on a motion to dismiss. *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006).

[10]  To the extent that Plaintiff requests a hearing, that request was addressed in the Court's July 8, 2015 Order [#38] and is therefore not addressed herein.

> The Defendants are correct that I have filed numerous lawsuits and complaints. This was done by Plaintiff in order to document events that have transpired since 2012. I have recently been informed that maybe I should have filed with the Court supplemental pleadings instead of filing new lawsuits.

*Id.* at 4 (emphasis omitted). Plaintiff then lists the 11 lawsuits he has filed against Defendants since 2011. *Id.* at 5. Plaintiff maintains that "any allegations that include[ ] matters of federal questions" requires adjudication in federal court. *Id.* Plaintiff admits that he has filed multiple lawsuits based on the same facts against the same defendants. *Id.* ("I have consistently pleaded the exact same events, defendants, and circumstances in a successive and detailed corroboration of the facts since 2011."). Plaintiff avers that the statute of limitations has not expired with regard to the 2012 Incidents because he incorrectly assumed that his filing of the instant lawsuit would be an appeal of a lawsuit he filed in this Court in 2012. *Id.* at 6. Plaintiff "object[s] to the doctrine of [r]es [j]udicata being a defense to" his claims because he "objects" to the state court adjudicating his claims. *Id.*

In their Replies, Defendants argue that res judicata applies because the state courts did have jurisdiction over Plaintiff's claims in the state court actions. *Cortez Reply* [#41] at 3-4; *County Reply* [#42] at 3. The County Defendants also revisit their argument regarding dismissal pursuant to Fed. R. Civ. P. 12(b)(6), which was not addressed in the Response. *County Reply* [#42] at 4.

## B.     The State Court Case

In 2014, Plaintiff filed the State Court Case. His complaint was dismissed with leave to refile on October 20, 2014. *See Order Granting Motion to Dismiss* [#10-1] at 4. As a result, Plaintiff filed his amended complaint in the State Court Case against the Cortez Police Department in which he alleged that Defendant Martinez entered his apartment and

"remov[ed] personal belongings - including $3,000.00 in cash." *Amended Complaint* [#10-1] at 1.  Plaintiff also alleged that on October 6, 2014, Defendant Kobel "subjected [him] to cruel and unusual punishment by forcing [him] to enter the backseat of a Cortez Police Department K-9 Unit where [he] was subsequently bitten . . . ." *Id*.  On December 29, 2014, the state court dismissed the case.  *See Order: Defendants' Motion to Dismiss Amended Complaint* [#10-2] at 1.  That order states that the amended complaint "fails to state a claim upon which relief may be granted" and dismissed the case.  *Id*.  The order also attached the motion to dismiss it granted.  The motion to dismiss argued for dismissal on a variety of grounds, including arguing that the Cortez Police Department is not a proper defendant.  *See Motion to Dismiss* [#10-2] at 3-4.

## C.    The Small Claims Case

On October 27, 2014, Plaintiff filed the Notice, Claim and Summons to Appear for Trial (Part 3) to initiate the Small Claims Case.  *See Notice* [#10-3] at 1.  The notice is difficult to read but it appears to state the following:

> October 6th 2014 Cortez Police and Montezuma Co. Sheriff [Stefanakos] subjected me to cruel and unusual punishment by forcing me to enter the backseat of Cortez Police K-9 Unit, where I was subsequently bitten, suffered allergic reaction/trauma and had to be medically treated at [h]ospital.  Violation of U.S. Constitution cruel/unusual punishment and Plaintiff should be awarded actual and punitive damages in amount of $7,500.

*Id*.  The docket shows that the Small Claims Case was dismissed with prejudiced on January 9, 2015.  *Docket* [#10-4] at 1.  The docket establishes that trial was scheduled on January 9, 2015 and that Plaintiff did not appear for the trial.  *Id*. at 2.  The docket also reflects two defendants: the Cortez Police Department and the Montezuma County Sheriff's Office with the notation that the Montezuma County Sheriff's Office was "incorrectly listed

as department." *Id.* at 1.

### III.  Standard of Review

#### A.  Fed. R. Civ. P. 12(b)(1)

The purpose of a motion to dismiss pursuant to Rule 12(b)(1) is to test whether the Court has jurisdiction to properly hear the case before it.  Because "federal courts are courts of limited jurisdiction," the Court must have a statutory basis to exercise its jurisdiction.  *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002); see Fed. R. Civ. P. 12(b)(1).  Statutes conferring subject-matter jurisdiction on federal courts are to be strictly construed.  *F. & S. Const. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964).  "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."  *Id.* (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

A motion to dismiss pursuant to Rule 12(b)(1) may take two forms: facial attack or factual attack.  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).  When reviewing a facial attack on a complaint, the Court accepts the allegations of the complaint as true.  *Id.*  By contrast, when reviewing a factual attack on a complaint, the Court "may not presume the truthfulness of the complaint's factual allegations."  *Id.* at 1003.  With a factual attack, the moving party challenges the facts upon which subject-matter jurisdiction depends.  *Id.*  The Court therefore must make its own findings of fact. Id. In order to make its findings regarding disputed jurisdictional facts, the Court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing."  *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990); *Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir.), *cert. denied*, 484 U.S. 986 (1987)).  The Court's reliance on "evidence outside the pleadings" to make findings concerning purely jurisdictional facts

8

does not convert a motion to dismiss pursuant to Rule12(b)(1) into a motion for summary judgment pursuant to Rule 56. *Id.*

**B.     Fed. R. Civ. P. 12(b)(6)**

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed R. Civ. P. 12(b)(6) (A complaint may be dismissed for "failure to state a claim upon which relief can be granted."). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted). To withstand a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." (quoting *Twombly*, 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal

9

quotation marks and citation omitted).

## C.   Pro Se Litigants

The Court must construe the filings of pro se litigants liberally.   *See Haines v. Kerner*, 404 U.S. 594, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).   However, the Court should not be the pro se litigants' advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigants'] complaint or construct a legal theory on [their] behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing Hall, 935 F.2d at 1110).   Additionally, pro se litigants must follow the same procedural rules that govern other litigants.  *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

## IV.  Analysis

## A.    Improperly Named Defendant

As an initial matter, the Cortez Defendants note that "[t]he Cortez Police Department is not a separate and distinct entity amendable to being sued."  *Cortez Motion* [#10] at 1 n.1.  Courts routinely dismiss § 1983 claims that name and seek to impose liability directly on municipal and county police departments because police departments are not separate suable entities. *See, e.g., Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985) (dismissing § 1983 claims because City of Denver Police Department not a separate suable entity), *remanded to consider mootness,* 475 U.S. 1138 (1986), *on remand,* 800 F.2d 230 (10th Cir. 1986); *Boren v. City of Colo. Springs,* 624 F.Supp. 474, 479 (D. Colo. 1985) (holding city's police department, as merely the vehicle through which city fulfills its policing functions, not a proper party); *Stratton v. Boston,* 731 F.Supp. 42, 46 (D. Mass. 1989)

(dismissing action as against city police department that is not an independent legal entity);

*Reese v. Chicago Police Dep't,* 602 F.Supp. 441, 443 (N.D. Ill. 1984) (holding Chicago

Police Department and Cook County Attorney's Office have no legal existence independent

of city and county, and therefore cannot be sued).   Therefore, the Court finds that

Defendant Cortez Police Department is not a "person" subject to suit under § 1983.  *See*

*Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir.

1993) (finding that the Greenwood Village Police Department was not a "person" pursuant

to § 1983); *see also Martinez*, 771 F. 2d at 444.   Therefore, Plaintiff's claims against

Defendant Cortez Police Department are **dismissed with prejudice** pursuant to Fed. R.

Civ. P. 12(b)(1).   *Gash v. City of Denver*, No. 12-cv-00929-REB-MJW, 2012 WL 3638798

(D. Colo.  Aug.  23, 2012) (dismissing claims with prejudice because "plaintiff cannot state

viable claims against the Denver Fire Department or Denver Police Department as they are

not juridical entities subject to suit").

**B.     Res Judicata**

Because they maintain that the state court actions were fully adjudicated,

Defendants argue that the doctrine of res judicata bars relitigation of those issues in this

Court.

> The doctrines of res judicata, or claim preclusion, and collateral estoppel, or
> issue preclusion, are closely related.  Res judicata generally applies when
> there is a final judgment on the merits which precludes the parties or their
> privies from relitigating the issues that were decided or issues that could
> have been raised in the earlier action.  A claim is barred by res judicata when
> the prior action involved identical claims and the same parties or their privies.
> Collateral estoppel, however, does not always require that the parties be the
> same.  Instead, collateral estoppel requires an identity of issues raised in the
> successive proceedings and the determination of these issues by a valid final
> judgment to which such determination was essential.

*Frandson v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (internal citations and quotation marks omitted).  "Both doctrines require that the party or parties against whom the earlier decision is asserted had a full and fair opportunity to litigate the claim or issue." *SIL-FLO, Inc., SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990) (citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 481 n.22 (1982)).  Here, Defendants only argue that claim preclusion applies and the Court, therefore, only engages in an analysis of claim preclusion.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984).  Therefore, the Court must determine what preclusive effect Colorado would give to the State Court Case and the Small Claims Case.  *See Xiangyuan Zhu v. St. Francis Health Ctr.*, 215 F. App'x 717, 719 (10th Cir. 2007) (looking to state law to determine if district court properly applied res judicata to bar claim).

The United States Supreme Court has made clear that "[u]nder res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (citation omitted); see also *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) ("The doctrine of *res judicata*, or claim preclusion, will prevent a party from re-litigating a legal claim that was or could have been the subject of a previously issued final judgment." ).  "The Supreme Court of Colorado has adopted this rule, holding that res judicata 'bars relitigation not only of all issues actually decided, but of all issues that might have been decided.'" *Klein v. Zavaras*, 80 F.3d 432, 434 (10th Cir. 1996) (quoting *Pomeroy*

*v. Waitkus*, 517 P.2d 396, 399 (Colo. 1973)). Therefore, under Colorado law, "once judgment is entered in an action it extinguishes the plaintiff's claim including all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions out of which the action arose." *Argus Real Estate, Inc. v. E-470 Pub. Highway Auth.*, 109 P.3d 604, 609 (Colo. 2005).

Under Colorado law, "[f]or a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Id.* at 608; *see also Loveland Essential Grp., LLC v. Grommon Farms, Inc.*, 318 P.3d 6, 10 (Colo. 2012).[11] Further, "Defendants have the burden of setting forth facts sufficient to satisfy the elements of *res judicata*." *Edmond v. Clements*, No. 11-cv-00248-RBJ-KLM, 2012 WL 2523077, at *11 (D. Colo. Jan. 19, 2012) (citations omitted). Here, all four elements are met with regard to the State Court Case. *See Argues Real Estate*, 109 P.3d at 608-610 (affirming lower court decision applying res judicata when "there was a final judgment in the first case; this case involved the same parcel of land; the claims in this case involved the same assertion of legal right to the parcel as the first case; and [plaintiff] was in privity with [plaintiff in prior suit] and therefore [plaintiff] had an identity of parties in both lawsuits").

## 1.    Finality

---

[11]    Under Colorado law, there are different legal standards for issue preclusion and claim preclusion. *See Burlington Ditch Reservoir and Land Co. v. Metro Wastewater Reclamation Dist.*, 256 P.3d 645, 668 (Colo. 2001) (providing standards for issue preclusion and claim preclusion). Here, because Defendants only argue claim preclusion, the Court's analysis addresses only the standard for claim preclusion.

### a.    The State Court Case

On December 29, 2015, District Court Judge Douglas S. Walker entered the Order dismissing the State Court Case and awarding the defendants attorneys' fees.  Pursuant to Colorado Rule of Civil Procedure 41(b),

> [u]nless the court in its order for dismissal otherwise specifies, a dismissal under this section (b) and any dismissal not provided for in this Rule, other than a dismissal for failure to prosecute, for lack of jurisdiction, for failure to file a complaint under Rule 3, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Colo. R. Civ. P. 41(b).  The state court's order contains no language indicating that the action was not adjudicated on the merits.  *See Order* [#10-2] at 1.  Thus, the state court order represents a final judgment on the merits.  *See Jacobs v. Dujmovic*, 752 F.Supp. 1516, 1522 (D. Colo. 1990) (holding state court's dismissal of claims for failure to post a bond pursuant to court order was an adjudication on the merits for the purposes of res judicata), *aff'd*, 940 F.2d 1392 (10th Cir. 1991), *cert. denied*, 506 U.S. 1015 (1992); *see also Argueta-Pereira v. Ochoa*, No. 11-cv-02720-REB-CBS, 2012 WL 2564813, at *2 (D. Colo. July 2, 2012).

### b.    The Small Claims Case

As noted above, the Small Claims Case docket indicates that the case was dismissed with prejudice after Plaintiff failed to appear for the scheduled trial.  *Docket* [#10-4] at 2.  It is unclear from the documentary evidence whether this was a dismissal for failure to prosecute or a dismissal based on the merits of the claims.[12]  However, because the Court finds that there is not identity of the claims, it need not reach this question.  **2        .**

---

[12]  The Court notes that the County Defendants state that this dismissal was for failure to prosecute.  *County Reply* [#42] at 3.

**Identity of the Claims for Relief**

"In determining whether there is identity of claims for relief, the focus of the inquiry is the injury for which relief is demanded, not the legal theory on which the person asserting the claim relies." *Loveland Essential Grp.*, 318 P.3d at 10 (internal modifications, quotation marks, and citations omitted). Claim preclusion bars litigation of claims that previously were or might have been decided "if the claims are tied by the same injury." *Argus Real Estate*, 109 P.3d at 609 (citing *Farmers High Line Canal & Reservoir Co. v. City of Golden*, 975 P.2d 189, 199 (Colo. 1999)).

### a.   The State Court Case

Plaintiff's claims in the State Court Case relate to the 2012 Incidents and the 2014 Incident. *See generally Amended Complaint* [#10-1]. Further, Plaintiff sought damages relating to those incidents for the alleged "violation[s] of the United State Constitution and Colorado State Constitution" in the State Court. *Id.* at 1. Therefore, the Court finds that there is identity of claims with regard to the State Court Case.

### b.   Small Claims Case

As noted above, claim preclusion requires that "the party or parties against whom the earlier decision is asserted had a full and fair opportunity to litigate the claim or issue." *SIL-FLO*, 917 F.2d at 1520. This Court previously held that "subsequent § 1983 claims for equitable relief in federal court are not barred by small claims court actions for monetary damages in Colorado." *Ortiz v. Costilla Cnty. Bd. of Comm'rs.*, 11 F.Supp.2. 1254, 1256 (D. Colo. 1998). Therefore, even though the Small Claims Case involved the 2014 Incident, the Court cannot conclude that there is an identity of claims because Plaintiff

could not have asserted his § 1983 claims in that court.  The Cortez Defendants explain:

> The Cortez and County Defendants both attempted to file motions informing the small claims court that it did not have jurisdiction.  The rules of small claims court, however, do not allow for motions practice.  As such, both the County and the Cortez Defendants were required to expend time and resources to prepare and present their arguments in person and prepare their respective cases.  Plaintiff failed to appear.  It is Plaintiff who chose to file in small claims court and failed to appear at the trial—he can hardly be heard to claim that the small claims court did not have jurisdiction now.

*Cortez Reply* [#41] at 4.  While the Court is sympathetic to this argument, it cannot find that res judicata should apply to a ruling from a court that did not have jurisdiction over the claims presented in the instant action.  *In re Marriage of Wright*, 841 P.2d 358, 360 (Colo. App. 1992) ("The defense of res judicata does not apply when the initial forum lacked the authority to award the full measure of relief sought in the subsequent litigation." (citing *Leonhart v. Dist. Ct.*, 329 P.2d 781 (Colo. 1958)).  Hence, this action is not barred by res judicata based on the Small Claims Case.  As a result, the Court only examines the State Court Case as to the two remaining elements of res judicata and then turns to the County Defendants' argument that Plaintiff's claims against the County Defendants are time-barred and that they are subject to dismissal for failure to state a claim.

### 3.   Identify of the Subject Matter

A review of the Amended Complaint filed in the State Court Case makes clear that the subject matter of the State Court Case is identical to the subject matter litigated in the instant action.  Specifically, Plaintiff alleges that Defendant Martinez entered his apartment and "remov[ed] personal belongings - including $3,000.00 in cash." *Amended Complaint* [#10-1] at 1.  Plaintiff also alleges that on October 6, 2014, Defendant Kobel "subjected [him] to cruel and unusual punishment by forcing [him] to enter the backseat of a Cortez

Police Department K-9 Unit where [he] was subsequently bitten . . . ." *Id.* In the State

Court Case, Plaintiff names the Cortez Police Department as the "defendant" in the caption

of the case. *Id.* However, the motion to dismiss that was granted by the state court makes

clear that the Cortez Police Department is not a proper defendant. *See Motion to Dismiss*

[#10-2] at 3-4.  Comparing the allegations in the State Court Case and those in Plaintiff's

Second Amended Complaint, there can be no question that the two cases involve the same

subject matter.

### 4.    Identity of the Parties

As noted above, the Amended Complaint filed in the State Court Case named the

Cortez Police Department as the defendant and included specific allegations against

Defendants Cortez Police Department, Martinez, and Kobel.   Therefore, Plaintiff can be

barred from relitigating claims against these Defendants relating to the 2012 Incidents and

the 2014 Incident based on res judicata.  However, the Court must determine if there is

privity between the other Defendants—City of Cortez, Montezuma Sheriff's Office, the

Montezuma County Board of Commissioners, Stefanakos, and Talley. "Privity exists when

there is a substantial identity of interests between a party and a non-party such that the

non-party is virtually represented in litigation." *Nat'l Energy Res. Co. v. Upper Gunnison*

*River Water Conservancy Dist.*, 142 P.3d 1265, 1281 (Colo. 2006) (internal quotation

marks and citation omitted).

The Cortez Police Department is a not an entity against which a § 1983 claim can

be brought and the City of Cortez, therefore, is required to defend those claims; as a result

the Court concludes that Defendant City of Cortez is in privity with a defendant named in

the State Court Case.   *See Stump*, 777 F.Supp. at 816 (concluding that municipal

departments "enjoy[ ] no status independent of the municipality itself" and dismissing claims as to the police department and the coroner's office).

The County Defendants are not mentioned in the Amended Complaint filed in the State Court Case and there is no factual basis for finding that they are in privity with any of the defendants who were named in that case.  For these reasons, the Cortez MTD [#10] is **granted** to the extent it argues that res judicata bars Plaintiff's claims against the Cortez Defendants and Plaintiff's claims against Defendants City of Cortez, Martinez, and Kobel and those claims are **dismissed with prejudice**.

## C.   Authority of the State Courts

Plaintiff argues that the state courts did not have subject matter jurisdiction over his claims brought pursuant to 42 U.S.C. § 1983.  *Response* [#37] at 3-4.  As noted above, "[t]he defense of res judicata does not apply when the initial forum lacked the authority to award the full measure of relief sought in the subsequent litigation."  *In re Marriage of Wright*, 841 P.2d at 360 (citing *Leonhart*, 329 P.2d 781).   Therefore, the Court briefly addresses Plaintiff's argument with regard to the State Court Case.  State courts may hear and decide claims based in state or federal law, including claims brought pursuant to 42 U.S.C. § 1983.  *See Hayward v. Drown*, 556 U.S. 729, 735 (2009).  As the Supreme Court has made clear,

> federal law is as much the law of the several States as are the laws passed by their legislatures. Federal and state law "together form one system of jurisprudence, which constitutes the law of the land for the State; and the courts of the two jurisdictions are not foreign to each other, nor to be treated by each other as such, but as courts of the same country, having jurisdiction partly different and partly concurrent." *Claflin v. Houseman*, 93 U.S. 130, 136-137, 23 L.Ed. 833 (1876); *see Minneapolis & St. Louis R. Co. v. Bombolis*, 241 U.S. 211, 222, 36 S.Ct. 595, 60 L.Ed. 961 (1916); The Federalist No. 82,

18

> p. 132 (E. Bourne ed. 1947) (A. Hamilton) ("[T]he inference seems to be conclusive, that the State courts would have a concurrent jurisdiction in all cases arising under the laws of the Union, where it was not expressly prohibited"). Although § 1983, a Reconstruction-era statute, was passed "to interpose the federal courts between the States and the people, as guardians of the people's federal rights," *Mitchum v. Foster*, 407 U.S. 225, 242, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972), state courts as well as federal courts are entrusted with providing a forum for the vindication of federal rights violated by state or local officials acting under color of state law. *See Patsy v. Board of Regents of Fla.*, 457 U.S. 496, 506-507, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (canvassing the legislative debates of the 1871 Congress and noting that "many legislators interpreted [§ 1983] to provide dual or concurrent forums in the state and federal system, enabling the plaintiff to choose the forum in which to seek relief"); *Maine v. Thiboutot*, 448 U.S. 1, 3, n. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980).

> So strong is the presumption of concurrency that it is defeated only in two narrowly defined circumstances: first, when Congress expressly ousts state courts of jurisdiction, *see Bombolis*, 241 U.S., at 221, 36 S.Ct. 595; *Claflin*, 93 U.S., at 136; and second, "[w]hen a state court refuses jurisdiction because of a neutral state rule regarding the administration of the courts," *Howlett*, 496 U.S., at 372, 110 S.Ct. 2430. Focusing on the latter circumstance, we have emphasized that only a neutral jurisdictional rule will be deemed a "valid excuse" for departing from the default assumption that "state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States." *Tafflin v. Levitt*, 493 U.S. 455, 458, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990).

*Id.* at 735-36. Therefore, to the extent that Plaintiff believes that claims based on federal law can only be brought in the federal courts, he is incorrect.

## D.   Statute of Limitations

The remaining claims are Plaintiff's claims against the County Defendants: Montezuma County Sheriff's Office, Montezuma County Board of Commissioners, Stefanakos, and Talley. The County Defendants argue that Plaintiff's claims relating to the 2012 Incidents are time-barred. *County MTD* [#17] at 7-8; *County Reply* [#42] at 4. Although the statute of limitations is an affirmative defense, the issue may be resolved on a motion to dismiss where the application of the limitations period is apparent on the face

19

of the complaint. *Dummar v. Lummis*, 543 F.3d 614, 619 (10th Cir. 2008).

Actions brought pursuant to 42 U.S.C. § 1983 are subject to the general personal injury limitation period of the state in which the action arose. *Hunt v. Bennett*, 17 F.3d 1263, 1265 (10th Cir. 1994). In Colorado, the limitation on a personal injury claim brought pursuant to section 1983 is two years. *See* Colo. Rev. Stat. § 13-80-102(g) (creating a two-year limitation period for "[a]ll actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "[a]ll other actions of every kind for which no other period of limitation is provided"); *see Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993) (applying Colo. Rev. Stat. § 13-80-102 to a § 1983 claim). However, federal law rather than state law determines when a cause of action accrues. *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994). Federal law provides that "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* at 969. That is, "[a] civil rights action accrues when facts that would support a cause of action are or should be apparent." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995) (citations omitted).

In this case, with regard to the County Defendants, Plaintiff alleges that a former defendant entered his apartment as part of the 2012 Incidents and removed personal belongings. *Second Am. Compl.* [#9] at 4. Plaintiff also alleges that Defendant Montezuma County Sheriff's Office is "responsible for protecting the [c]ivil [r]ights and property of persons" in Montezuma County. *Id.* "Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur." *Johnson v. Johnson Cnty. Comm'n Bd.*, 925

20

F.2d 1299, 1301 (10th Cir. 1991) (citation omitted).  In this case, because Plaintiff alleges an illegal search and seizure, his claims, to the extent he states such claims, accrued when the searches were conducted, in June and July 2012.  *Id.; see Priest v. Tobin*, No. 13-cv-00779-PAB-KMT, 2014 WL 103439, at *2 (D. Colo. Jan. 9, 2014).  This case was filed on November 3, 2014, which is more than two years after the claims accrued.  *See generally Compl.* [#1].  As a result, any claims brought against the County Defendants relating to the 2012 Incidents are barred by the statute of limitations and are, therefore, **dismissed with prejudice**.

### E.    Failure to State a Claim

The County Defendants also argue that all claims against them are subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because Plaintiff fails to state any claims against them.  *County MTD* [#17] at 8-10; *County Reply* [#42] at 4-5.  However, this portion of the County Motion relates only to the claims asserted against Defendant Montezuma County Sheriff's Office and Defendant Montezuma County Board of Commissioners. *County MTD* [#17] at 8-10; *County Reply* [#42] ("Plaintiff's Response does not address the defense that he has not stated a claim against the Board of County Commissioners or Sheriff's Department.").  It does not address the claims against Defendants Stefanakos and Talley.  *Id.*  As a result, the Court limits its analysis to the entity Defendants.  *See Cordova v. Aragon*, 569 F.3d 1183, 1191 (10th Cir. 2009) ("It is not our role to sift through the record to find evidence not cited by the parties to support arguments they have not made."); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 672 (10th Cir. 1998) ("[D]istrict courts . . . have a limited and neutral role in the adversarial process, and [ought to be] wary of becoming

advocates who comb the record . . . and make a party's case for it."); cf. *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").    Because the Court has already concluded that all claims against the County Defendants relating to the 2012 Incidents should be dismissed, it further limits its analysis to the 2014 Incident.

Plaintiff alleges that on October 6, 2014, Defendant Martinez and Defendant Kobel "conspired to deprive [him] of his Constitutional protection from cruel and unusual punishment by forcing him to enter K-9 Unit." *Second Am. Compl.* [#9] at 4.  Plaintiff states that "[i]t is not City [o]f Cortez Police Dept. policy to transport human beings in K-9 Units for routine municipal court appearances due to the danger of attack by the canine." *Id.* Plaintiff alleges that he objected to being transported in the canine unit and that Defendant Kobel threatened him with criminal charges and arrest if he refused to enter the canine unit. *Id.* at 4. Plaintiff alleges that this transportation was from the Montezuma County Detention Facility to municipal court. *Id.*  Plaintiff maintains that being in the canine unit "was entirely torture" for him and that Defendants Martinez, Kobel, Stefanakos, and Talley were deliberately indifferent and negligent and gratuitously inflicted "pain and torture" in violation of the Eighth Amendment. *Id.*  Plaintiff alleges that Defendant Stefanakos whispered in Plaintiff's ear: "I'm going to do you a favor[,] Harper[,] by not securing your ankle or waist cuffs." *Id.*  Plaintiff alleges that as a result of Defendant Stefanakos' failure to secure the restraints, Plaintiff was "bitten, scratched, and tortured" by canine "Dusty." *Id.*  Plaintiff avers that Defendant Talley, Defendant Stafanokos' supervisor, was present and observed the incident.  Plaintiff alleges that he was transported to a hospital for care after he was bitten by the dog and that he "has continued to suffer anxiety, insomnia, and physical pain

22

associated with the attack." *Id.*

Municipal entities may be held liable under § 1983 only when a constitutional deprivation is inflicted pursuant to a policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 694 ("Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort."). An unconstitutional deprivation is caused by a municipal "policy" if it results from decisions of an official whose acts may fairly be said to be those of the municipality itself. *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403-04 (1997); *see also Meade v. Grubbs*, 841 F.2d 1512, 1529 (10th Cir. 1988) ("For a county to be held responsible, it must have caused the harm through the execution of its own policy or custom by those whose edicts or acts may fairly be said to represent official policy." (citing *Monell*, 436 U.S. at 694)); *Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996) ("To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged."). As the Supreme Court has explained:

> Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *Monell, supra*, at 694, 98 S.Ct., at 2027. Similarly, an act performed pursuant to a "custom" that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law. 436 U.S., at 690-691, 98 S.Ct., at 2035-2036 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167-168, 90 S.Ct. 1598, 1613-1614, 26 L.Ed.2d 142 (1970)).

*Brown*, 520 U.S. at 403-04. In short, the plaintiff must be able to demonstrate that the "municipality was the 'moving force' behind the injury alleged." *Id.* at 404.

With regard to the 2014 Incident, Plaintiff does not allege a policy or custom of Defendant Montezuma County Sheriff's Office that led to the alleged violation of his constitutional rights.  He alleges that two employees of the office participated in placing him in the vehicle with the canine.  *Second Am. Compl.* [#9] at 4.  He also alleges that "[]the Montezuma County Sheriff's Dept. and the Cortez Police Dept. and it's [sic] officers and supervisors are responsible for protecting the Civil Rights and property of persons in the City [o]f Cortez and Montezuma County, Colorado."  *Id.* at 3.  He further avers that this Defendant has waived its "rights to governmental immunity by violating" Plaintiff's constitutional rights.  *Id.* at 4.  He also attributes actions to Defendant Montezuma County Sheriff's Office by alleging that this Defendant "invaded the apartment and privacy of the Plaintiff" and "failed to prevent a conspiracy . . . ."  *Id.*  These allegations fail to state a claim because they do not allege that Defendant Montezuma County Sheriff's Office had a policy or custom that led to the alleged violations.  As the Supreme Court has made clear, "[t]hat a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably."  *Brown*, 520 U.S. at 406-07 (emphasis in original).  Therefore, even though Plaintiff alleges that employees of this Defendant violated his constitutional rights, that is insufficient to state a claim against this Defendant, their employer.  As a result, Plaintiff's claims against Defendant Montezuma County Sheriff's Office relating to the 2014 Incident are **dismissed without prejudice**.

With regard to Defendant Montezuma County Board of Commissioners' involvement in the 2014 Incident, Plaintiff alleges the following:

(1) this Defendant, along with the other entity Defendants "failed to prevent

24

a conspiracy between the Montezuma County Sheriff's Office and the Cortez Police Dept. and" Defendants Martinez, Kobel, Stefanakos, and Talley "and supervisors and other individuals to deprive the Plaintiff of his federally protected rights . . . .";

(2) this Defendant "negligently trained and negligently supervised" a former defendant; and

(3) this Defendant, in conjunction with the other entity Defendants, "created a type of malicious prosecution which violated the Plaintiff's Due Process rights under the Fourth and Fourteenth Amendments . . . ."

*Id.* at 4-5.  Again, these allegations do not allege a policy or custom implemented by Defendant Montezuma County Board of Commissioners that led to the alleged deprivation of Plaintiff's rights.   Further, to the extent Plaintiff mentions "negligent[ ] train[ing]," inadequate training can only be the basis for a § 1983 claim in limited circumstances. *Brown*, 520 U.S. at 407.  Specifically, allegations of an inadequate training *program* may establish a policy or custom in certain circumstances.  *Id.* at 407-08.  However, Plaintiff's allegation that one employee was not properly trained does not meet this standard.  As the Supreme Court has made clear, Plaintiff would have to plead "the existence of a pattern of tortious conduct by inadequately trained employees . . . to show that the lack of proper training, rather than a one-time negligent administration of the program or factors peculiar to the officer involved in a particular incident" was "the moving force behind the plaintiff's injury."  *Id.* at 408 (quotation marks and citation omitted).   Plaintiff has not pled facts regarding any training programs or systematic failures within the Montezuma County Board of Commissioners to show its failure.  As a result, Plaintiff's claims against Defendant Montezuma County Board of Commissioners relating to the 2014 Incident are **dismissed without prejudice**.

## IV. Conclusion

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motions [#10, 17] are **GRANTED in part** and **DENIED in part**, and Plaintiff's claims are dismissed as follows:

Plaintiff's claims against Defendant Cortez Police Department are **dismissed with prejudice** pursuant to Fed. R. Civ. P. 12(b)(1).

Plaintiff's claims against Defendants City of Cortez, Martinez, and Kobel are **dismissed with prejudice** pursuant to the doctrine of res judicata.

Plaintiff's claims brought against Defendants Montezuma County Sheriff's Office, Montezuma County Board of Commissioners, Stefanakos, and Talley relating to the 2012 Incidents are **dismissed with prejudice** because they are barred by the statute of limitations.

Plaintiff's claims against Defendants Montezuma County Sheriff's Office and Montezuma County Board of Commissioners relating to the 2014 Incident are **dismissed without prejudice** pursuant to Fed. R. Civ. P. 12(b)(6).

The only remaining claims are Plaintiff's claims against Defendants Stefanakos and Talley relating to the 2014 Incident.

Dated:  August 10, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge