IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02984-KLM

MARION ORNESTUS HARPER, III,

Plaintiff,

v.

MONT. CO. CPL. STEPHANOKOS, and
MONT. CO. LT. TALLEY,

Defendants.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[1] on the **Motion for Reconsideration of County Defendants' Motion to Dismiss** [#45][2] (the "Motion") filed by former Defendants Montezuma County Sheriff's Office and Montezuma County Board of Commissioners and Defendants Stefanakos (incorrectly spelled in the Second Amended Complaint) and Talley (collectively "Movants").[3] In the Motion, Movants ask the Court to reconsider its August 10, 2015 Order [#43] in which the Court granted in part and denied in part Movants' motion to

---

[1] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See generally Consent Form* [##18, 25].

[2] [#45] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

[3] The Motion also purports to be filed on behalf of former defendant Robin Cronk. However, Robin Cronk was dismissed from this lawsuit pursuant to Fed. R. Civ. P. 4(m). *Order* [#40] at 3. As a result, the claims against Robin Cronk were not addressed in the Order for which Movants seek reconsideration and are, therefore, not addressed herein.

dismiss [#17] (the "Motion to Dismiss"). Plaintiff did not file a response and his deadline to do so has elapsed. For the reasons set forth below, the Motion [#45] is **GRANTED in part** and **DENIED in part**.

## I. Standard

The Court has broad discretion to reconsider its interlocutory orders prior to entry of judgment. *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); *Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). The Court's discretion to revise its interlocutory orders is not limited by the standards for reviewing a post-judgment motion filed pursuant to Fed. R. Civ. P. 59(e) or 60(b). *See Raytheon Constructors Inc. v. ASARCO, Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003) ( "[D]istrict court was incorrect to treat [the plaintiff's] motion for reconsideration [of an interlocutory order] under Rule 60(b), which only applies to final orders or judgments."). "Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature

to induce the court to reverse its prior decision." *Id*. (internal quotation marks and citation omitted). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id*. (quotation marks and citation omitted). Mindful of these principles, the Court will not alter the August 10, 2015 Order unless the Court has misapprehended the facts, a party's position, or the controlling law. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (explaining that "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."); *see Lehman Brothers Holdings Inc. v. Universal Am. Mortgage Co.*, LLC, No. 13-cv-00090-PAB-MJW, 2014 WL 5069409, at *1 (D. Colo. Oct. 9, 2014).

## II. Analysis

In the Motion, Movants argue that the Court misapprehended the facts. *Motion* [#45] at 3 ("the procedural morass created by Plaintiff's many duplicative filings resulted in the Court misapprehending the relevant procedural history."). As Movants explain, in addition to the two state court cases discussed in the Court's August 10, 2015 Order, Plaintiff also filed a third case in state court that was not discussed in the Court's Order. Movants assert that consideration of the third case results in the conclusion that Plaintiff's remaining claims against Defendants are barred and should be dismissed and that Plaintiff's claims relating to the 2014 Incident[4] against former defendants Montezuma County Sheriff's Office and

[4] *See Order* [#43] at 3 n.8.

Montezuma County Board of Commissioners should be dismissed with prejudice.[5]

The Court incorporates the factual background and analysis included in its August 10, 2015 Order [#43] by reference and only discusses the additional state court case herein.

In 2014, Plaintiff filed a case in the District Court of Montezuma County which was assigned index number 2014cv5 (the "Second State Court Case")[6]. *See Amended Complaint filed in Second State Court Case* [#17-1] at 2. The complaint was dismissed with leave to refile on October 7, 2014. *See Order re: Order for Dismissal* [#17-1] at 5. As a result, Plaintiff filed his amended complaint in the Second State Court Case against the Montezuma County Sheriff's Department in which he alleged that the Montezuma County Sheriff's Department "illegally entered [his] apartment" twice in 2012. *See Amended Complaint filed in Second State Court Case* [#17-1] at 2. He alleged that employees of the Montezuma County Sheriff's Department "removed ten boxes of personal belongings including $3,000.00 in cash." *Id.* Plaintiff averred that his rights protected by the United States Constitution and the Colorado Constitution were violated and that he and his family became homeless and suffered "severe emotional distress" and "humiliation" and that "pre-existing health issues" were "exacerbat[ed]." *Id*. Plaintiff further alleged that on

> October 6th 2014 while in custody at Montezuma Co. Detention Center [he]

---

[5] Plaintiff's claims relating to the 2014 Incident asserted against Movants Montezuma County Sheriff's Office and Montezuma County Board of Commissioners were previously dismissed without prejudice. *Order* [#43] at 26.

[6] In an effort to keep the defined terms consistent throughout this case, the Court notes that it previously defined the two states courts cases in its August 10, 2015 Order as the "State Court Case" and the "Small Claims Case." *Order* [#43] at 4. Because the state court case at issue in the instant motion was filed in the in the District Court of Montezuma County, as was the State Court Case, the Court refers to this second case from that court as the Second State Court Case.

> was subjected to cruel and unusual punishment by Deputy [Stefanakos] by forcing [him] to enter the backseat of an occupied Cortez Police Dept. K-9 Unit, where [he] was subsequently biten [sic] by the K-9, suffered severe allergic reaction and had to be transported for emergency care at Southwest Memorial Hospital.

*Id*. As explained in the Court's August 10, 2015 Order, these allegations relate to the same incidents raised in Plaintiff's Second Amended Complaint in the instant action. *Order* [#43] at 2-4, 11-18.

The Court incorporates its analysis of res judicata in its August 10, 2015 Order by reference, *Order* [#43] at 11-18, but briefly reiterates the elements and applies them to the Second State Court Case.

"[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984). Therefore, the Court must determine what preclusive effect Colorado would give to the Second State Court Case. *See Xiangyuan Zhu v. St. Francis Health Ctr*., 215 F. App'x 717, 719 (10th Cir. 2007) (looking to state law to determine if district court properly applied res judicata to bar claim).

Under Colorado law, "[f]or a claim in a second judicial proceeding to be precluded by a previous judgment, there must exist: (1) finality of the first judgment, (2) identity of subject matter, (3) identity of claims for relief, and (4) identity or privity between parties to the actions." *Id*. at 608; *see also Loveland Essential Grp., LLC v. Grommon Farms, Inc*., 318 P.3d 6, 10 (Colo. 2012). Further, "Defendants have the burden of setting forth facts sufficient to satisfy the elements of *res judicata*." *Edmond v. Clements*, No. 11-cv-00248-RBJ-KLM, 2012 WL 2523077, at *11 (D. Colo. Jan. 19, 2012) (citations omitted). Here, as

discussed below, all four elements are met with regard to the Second State Court Case as to the claims at issue except as to any potential individual capacity claim asserted against Defendant Talley and any claim asserted against Movant Montezuma County Board of Commissioners. *See Argues Real Estate*, 109 P.3d at 608-610 (affirming lower court decision applying res judicata when "there was a final judgment in the first case; this case involved the same parcel of land; the claims in this case involved the same assertion of legal right to the parcel as the first case; and [plaintiff] was in privity with [plaintiff in prior suit] and therefore [plaintiff] had an identity of parties in both lawsuits"). The Court also concludes that any potential individual capacity claim against Defendant Talley is barred by the related prohibition against claim splitting.

**A. Finality**

On December 29, 2015, District Court Judge Douglas S. Walker entered the Order dismissing the Second State Court Case with prejudice and awarding the Montezuma County Sheriff's Department its attorneys' fees and costs. *See Order for Dismissal filed in Second State Court Case* [17-2] at 1-2. The state court's order specifically states that the complaint "fails to state a claim for which relief can be granted, and is therefore dismissed with prejudice." *Id*. Thus, the state court order represents a final judgment on the merits. *See Jacobs v. Dujmovic*, 752 F.Supp. 1516, 1522 (D. Colo. 1990) (holding state court's dismissal of claims for failure to post a bond pursuant to court order was an adjudication on the merits for the purposes of res judicata), *aff'd*, 940 F.2d 1392 (10th Cir. 1991), *cert. denied*, 506 U.S. 1015 (1992); *see also Argueta-Pereira v. Ochoa*, No. 11-cv-02720-REB-CBS, 2012 WL 2564813, at *2 (D. Colo. July 2, 2012).

**B. Identity of the Claims for Relief**

"In determining whether there is identity of claims for relief, the focus of the inquiry is the injury for which relief is demanded, not the legal theory on which the person asserting the claim relies." *Loveland Essential Grp*., 318 P.3d at 10 (internal modifications, quotation marks, and citations omitted). Claim preclusion bars litigation of claims that previously were or might have been decided "if the claims are tied by the same injury." *Argus Real Estate*, 109 P.3d at 609 (citing *Farmers High Line Canal & Reservoir Co. v. City of Golden*, 975 P.2d 189, 199 (Colo. 1999)).

Plaintiff's claims in the Second State Court Case relate to the same incidents in 2012 and 2014 on which he bases his claims in the instant case. *Compare Amended Complaint filed in the Second State Court Case* [#17-1] at 2 *with Second Amended Complaint* [#9]. Further, Plaintiff sought damages relating to those incidents for the alleged violations of his rights protected by the United State Constitution and the Colorado Constitution in the Second State Court Case. *Amended Complaint filed in the Second State Court Case* [#17-1] at 2. Therefore, the Court finds that there is identity of claims with regard to the Second State Court Case.

**C. Identify of the Subject Matter**

A review of the Amended Complaint filed in the Second State Court Case makes clear that the subject matter of the Second State Court Case is identical to the subject matter litigated in the instant action. Specifically, Plaintiff alleges that employees of the Montezuma County Sheriff's Office illegally entered his apartment "without a warrant or probable cause and removed ten boxes of personal belongings including $3,000.00 in cash." *Amended Complaint filed in Second State Court Case* [#17-1] at 2. Plaintiff also

alleges that on October 6, 2014, Defendant Stefanakos "subjected [him] to cruel and unusual punishment" by "forcing [him] to enter the backseat of an occupied Cortez Police Dept. K-9 Unit, where [he] was subsequently bitten . . . ." *Id*. In the Second State Court Case, Plaintiff names the Montezuma County Sheriff's Office as the "defendant" in the caption of the case. *Id*. However, it is clear that Plaintiff also intended to bring his claims against Defendant Stefanakos relating to the October 6, 2014 incident in the Second State Court Case because he specifically names that Defendant in his complaint. Comparing the allegations in the Second State Court Case relating to the incidents in 2012 and the October 6, 2014 incident and those in Plaintiff's Second Amended Complaint, there can be no question that the two cases involve the same subject matter.

**D. Identity of the Parties**

A prerequisite to a finding of res judicata in this action is a finding that the defendants against whom Plaintiff asserted claims in the Second State Court Case are in privity with Movants. *See Frandsen v. Westinghouse Corp*., 46 F.3d a 975, 978 (10th Cir. 1995). In the Tenth Circuit, the issue of whether privity exists is a question of fact. *Lowell Staats Mining Co., Inc. v. Philadelphia Elec. Co.*, 878 F .2d 1271, 1276 (10th Cir. 1989). "There is no definition of 'privity' which can be automatically applied to all cases involving the doctrines of res judicata and collateral estoppel. Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same." *Id*. at 1275.

As noted above, the Amended Complaint filed in the Second State Court Case named the Montezuma County Sheriff's Department as the defendant and included specific allegations against Defendant Stefanakos. Therefore, Plaintiff is barred from relitigating

claims against these Movants relating to the 2012 Incidents and the 2014 Incident based on res judicata. However, the Court must determine if there is privity between these Movants and the other Movants—former defendant Montezuma County Board of Commissioners and Defendant Talley.

Plaintiff's allegations relating to Defendant Talley in this case are limited to the October 6, 2014 incident. *See Second Am. Compl*. [#9] at 4. Plaintiff maintains that being in the K-9 unit "was entirely torture" for him and that Defendants Martinez, Kobel, Stefanakos, and Talley were deliberately indifferent and negligent and gratuitously inflicted "pain and torture" in violation of the Eighth Amendment. *Id*. Plaintiff alleges that Defendant Stefanakos whispered in Plaintiff's ear: "I'm going to do you a favor[,] Harper[,] by not securing your ankle or waist cuffs." *Id*. Plaintiff alleges that as a result of Defendant Stefanakos' failure to secure the restraints, Plaintiff was "bitten, scratched, and tortured" by canine "Dusty." *Id.* Plaintiff avers that Defendant Talley, Defendant Stefanakos' supervisor, was present and observed the incident. Plaintiff alleges that he was transported to a hospital for care after he was bitten by the dog and that he "has continued to suffer anxiety, insomnia, and physical pain associated with the attack." *Id*.

With regard to Movant Montezuma County Board of Commissioners, Plaintiff alleges that it "failed to prevent a conspiracy" between various Defendants. *Second Am. Compl*. [#9] at 4. He further alleges that it "negligently trained and negligently supervised" former defendant Robin Cronk. *Id*. With regard to the 2014 Incident, Plaintiff baldly asserts that this Movant, in conjunction with various other entities and individuals, violated his Fourth and Fourteenth Amendment rights, but offers no specific factual allegations with regard to this entity. *Id*. at 5. Because the Court previously dismissed without prejudice Plaintiff's

claims against Movant Montezuma County Board of Commissioners, the Court now only considers whether these claims should be dismissed with prejudice as argued by Movants.

Under Colorado law, "'[p]rivity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation.'" *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen*, 296 F.3d 982, 987 (10th Cir. 2002) (quoting *Cruz v. Benine*, 984 P.2d 1173, 1176 (Colo.1999)). Defendant Talley is in privity with his employer, the Montezuma County Sheriff's Department, to the extent he is sued in his official capacity. *Kinslow v. Ratzlaff*, 158 F.3d 1104, 1107 n.3 (10th Cir. 1998); *see also Malek v. Brockbrader*, 190 F.App'x 613, 615 (10th Cir. 2006); *United States v. Rogers*, 960 F.2d 1501, 1509 (10th Cir.1992); *Madison v. Volunteers of Am.*, No. 12-cv-00333-REB-KMT, 2013 WL 1189651, at *7 (D. Colo. Feb. 5, 2013). However, it is unclear whether Defendant Talley is sued only in his official capacity in the instant suit. *See Buhendwa v. Regional Transportation Dist*., 82 F.Supp.3d 1259, 1264 (D. Colo. 2015) (finding that members of the board of the defendant were in privity with the defendant entity with regard to the claims brought against them in their official capacities).

Assuming, arguendo, that Plaintiff is attempting to bring individual capacity claims against Defendant Talley, a doctrine related to res judicata, claim splitting, bars any such claim against Defendant Talley in the instant case. As the Tenth Circuit has explained, claim splitting "requires a plaintiff to assert all of [his] causes of action arising from a common set of facts in one lawsuit." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp*., 296 F.3d 982, 985 (10th Cir. 2002); *see Yapp v. Excel Corp*., 186 F.3d 1222, 1230 (10th Cir. 1999); *Wyles v. Aluminaid Int'l, A.G.*, No. 15-cv-00393-CMA-KMT, 2015 WL

4035862, at *2 (D. Colo. June 30, 2015) ("Claim splitting is an aspect of res judicata that prevents parties from filing two substantially identical complaints to circumvent procedural rules." (citing *Hartsel Springs Ranch of Colorado, Inc*., 296 F.3d at 990)). The prohibition on claim splitting prevents parties from wasting "scarce judicial resources" and undermining "the efficient and comprehensive disposition of cases" by spreading claims around in multiple lawsuits in other courts or before other judges. *Id*. The key issue here is whether the claims are so similar that they "should be treated as the same for purposes of a bar to sequential actions against the same party." *Matter of Greene*, 302 P.3d 690, 693 (Colo. 2013). Colorado courts have generally ascribed to the "transactional view", which defines a claim "so as to embrace all remedial rights of a plaintiff against a defendant growing out of the relevant transaction or series of connected transactions." *Id.* at 694 (citing *Argus Real Estate, Inc. v. E-470 Pub. Hwy. Auth*., 109 P.3d 604, 609 (Colo. 2005)). A key consideration is whether the subsequent proceeding will involve "substantially interrelated proof" as the initial proceeding. *See People v. Miranda*, 754 P.2d 377, 380 (Colo. 1988). In this case the claims are based on the exact same incident and, therefore, would involve identical proof. Accordingly, the Court concludes that any individual capacity claim Plaintiff is attempting to assert against Defendant Talley is barred by the prohibition against claim splitting. *See Juarez-Galvan v. United Parcel Serv., Inc.*, 577 F.App'x 886, 888 (10th Cir. 2014) (unpublished) (affirming dismissal); *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011) ("The rule against claim-splitting requires a plaintiff to assert all of [his] causes of action arising from a common set of facts in one lawsuit."); *Wiles v. Aluminaid Int'l, A.G.*, No. 15-cv-00393-CMA-KMT, 2015 WL 4035862, at *3 (D. Colo. June 30, 2015) (dismissing claims with prejudice that were or could have been brought in state court action); *see also*

*Johnson v. Western State Colo. Univ*., No. 13-cv-02747-WJM-KMT, 2013 WL 6068464, at *5 (D. Colo. Nov. 18, 2013). Notably, claim splitting relates to claims a plaintiff may have brought against a defendant. In this case because Defendant Talley is in privity with the named defendant in the Second State Court Case with regard to his official capacity claims, the Court finds this rule applicable. *See The Restatement (Second) of Judgments* § 24(1) (1982) ("When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar . . . the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.").

With regard to Movant Montezuma County Board of Commissioners, neither Plaintiff nor Movants offer any argument regarding the privity of this entity with Movant Montezuma County Sheriff's Department, the named defendant in the Second State Court Case. In fact, in their Motion to Dismiss, Movants make clear that these are two independent entities. *Motion to Dismiss* [#17] at 9 n.7 ("Under both the Colorado Constitution and applicable statutes, sheriffs and boards of county commissioners are treated as separate public entities having different powers and responsibilities."). As a result, the Court cannot conclude that the privity element of res judicata is met with regard to Movant Montezuma County Board of Commissioners. Therefore, the Court will not change its previous dismissal without prejudice of Plaintiff's claim against Movant Montezuma County Board of Commissioners to a dismissal with prejudice.

## III. Conclusion

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion [#45] is **GRANTED in part** and **DENIED**

**in part**. Accordingly,

IT IS FURTHER **ORDERED** that Plaintiff's claims against Defendants Montezuma County Sheriff's Office, Stefanakos, and Talley relating to the 2014 Incident[7] are **dismissed with prejudice** pursuant to the doctrine of res judicata and the prohibition against claim splitting.[8]

Because this Order disposes of all remaining claims in this action,

IT IS FURTHER **ORDERED** that the Clerk of the Court shall enter judgment dismissing this action as to all Defendants.

Dated: January 29, 2016

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[7] Plaintiff's claims against these Defendants relating to the 2012 Incidents were previously dismissed with prejudice. *See Order* [#43] at 26.

[8] Plaintiff's claims against Movant Montezuma County Board of Commissioners were previously dismissed without prejudice. *See Order* [#43] at 26.